**Willis Arthur TRIMIER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16890.**

United States Court of Appeals
Eighth Circuit.

Oct. 19, 1961.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant challenges the certificate of the trial court that his attempt to appeal is without merit and so not taken in good faith, and he asks leave from us to prosecute the appeal in forma pauperis. The appeal is from an order denying, without a hearing, his motion under 28 U.S.C.A. § 2255, to have his sentence vacated.

Appellant had pleaded guilty to having, as a person previously convicted of a crime of violence, transported a firearm in interstate commerce, thereby violating 15 U.S.C.A. § 902(e). A sentence of five years' imprisonment was imposed upon him.

His motion under § 2255 alleges that he had pleaded guilty because of representations to him that he would not be given a sentence of more than three years. He does not charge that the representations were made by the United States Attorney, or that they purported to be held out to him as resting in any other way on some contact with, or expression by, the court.

What he predicates his motion on were statements which he says were made to him by a deputy marshal, and by his court-appointed attorney. He alleges that the deputy marshal told him: "The maximum sentence on this charge is five years, but nobody ever gets over three, and I can personally promise you that you won't get over three years." His attorney is claimed to have stated: "There's nothing I can do, because the

Government has an open-and-shut case against you; because they caught you with a pistol and you have a record, you will be convicted. I will ask for leniency, and because you didn't commit any crime of violence or anything of that sort, you won't get any more than three years."

If these statements were made, they cannot, on the contents of appellant's motion, be said to have constituted or to be capable of being regarded, in their source, circumstances, and form, as anything except expressions of personal views and opinions. No setting is shown that could in any way cause them to be coercive. Further, in their lack of any actual or purported official basis, either judicial or prosecutional, the statements, and whatever reliance appellant may have chosen to place on them, did not constitute a legal taking-of-advantage or processive unfairness against appellant, requiring his conviction and sentence to be set aside.

To clear the records of the pending appeal, it will be permitted to be docketed without payment of fee, and will then be dismissed as frivolous.

Appeal dismissed.