**UNITED STATES of America,
Appellee,**

v.

**Joseph McCARTHY, Defendant,
Appellant.**

**No. 7633.**

United States Court of Appeals,
First Circuit.

Nov. 6, 1970.

---

Joseph McCarthy on the brief, pro se.

David A. Brock, U. S. Atty., and William B. Cullimore, Asst. U. S. Atty., on the brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

On March 21, 1968, the defendant was indicted for receiving a motor vehicle knowing the same to have been stolen, in violation of the Dyer Act, 18 U.S.C. § 2313 (1964). On the same date one Aristomenis Theodore, to whom defendant refers as his "co-defendant" was indicted on a similar charge. A week later the defendant pleaded not guilty and his case was assigned for trial to May 23. On that day the defendant, through his court-appointed attorney, informed the court that he wished to change his plea to guilty. After complying with all the requirements of Fed.R.Crim.P. 11, the court accepted the defendant's change of plea and on June 7 he was sentenced to imprisonment for two years. Because he was then serving another sentence in a state prison, defendant did not begin

to serve this sentence until August 5, 1969.

On March 4, 1970, defendant brought the instant "Motion to Vacate Sentence" alleging "that he and his co-defendant pleaded guilty on said charges after being promised a suspended sentence * * * by Louis M. Janelle, Esq., the United States Attorney." In his brief defendant states that this promise was his sole reason for pleading guilty; that he and his "co-defendant" were given the same proposition at the same time; that the co-defendant was granted relief and that he is entitled to equal treatment. The district court denied defendant's motion without a hearing.

 Although the motion comes too late for Fed.R.Crim.P. 35, it can be treated as a collateral attack upon his sentence under 28 U.S.C. § 2255 (1964). The government contends that the defendant is not entitled to a hearing because his allegations are conclusory and lack specificity. Macon v. United States, 414 F.2d 1290 (9th Cir. 1969). But in Macon the defendant alleged merely that he had pleaded guilty because he believed "he would be treated with leniency." Inasmuch as this defendant has alleged a promise of a specific sentence made by a named official, his motion cannot be said to be "vague, conclusory, or palpably incredible." Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962).

 The Supreme Court has held that "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." Machibroda v. United States, supra at 493, 82 S.Ct.

at 513. In Machibroda, petitioner, who was serving a twenty-five year sentence, alleged that he had been promised a sentence of not more than twenty years in return for his guilty plea. That promise was said to have been made on the authority of the United States Attorney and to be agreeable to the district court. Generally speaking, the courts have overturned guilty pleas only where defendants have shown that promises of leniency were made by the court or that they believed promises made by the prosecution to be binding on the court. See Trimier v. United States, 295 F.2d 237 (8th Cir. 1961); Shelton v. United States, 246 F.2d 571, 572 n. 2 (5th Cir. 1957), rev'd on other grounds, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958). In the instant case, defendant in his pro se brief does not make clear whether he believed the alleged promise to be binding on the court. However, even if the United States Attorney merely promised to recommend a suspended sentence, we note that no recommendation was made at the sentencing hearing, nor was reference made to any such recommendation. A sentence based on a guilty plea that was induced by reliance on an unfulfilled prosecution promise is void. United States v. Paglia, 190 F.2d 445, 448 (2d Cir. 1951), overruled on other grounds, United States v. Taylor, 217 F.2d 397 (2d Cir. 1954).[1]

 The government argues that, because defendant had the benefit of a complete Rule 11 inquiry at which he stated, among other things, that he had received no promise in return for his guilty plea, the district court was entitled to dispose of his motion on the basis of "the files

---

[1] There is some suggestion in a subsequent Second Circuit case that an unfulfilled prosecution promise can be the basis for vacating a guilty plea only if the prosecution did not intend to honor its promise. United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 712 (2d Cir. 1960); see also Dillon v. United States, 307 F.2d 445, 449 (9th Cir. 1962). Wissenfeld appears to be based on the premise that, since we presume that defendants know that prosecution recommendations are not binding on the courts, we must conclude that no rational defendant would be induced to plead guilty by the promise of such a recommendation. We disagree with that conclusion. As Judge Learned Hand noted, "We all know that, although a judge is not bound to accept recommendations, he is extremely likely to be influenced by them." United States v. Paglia, supra at 447. Whether a defendant's guilty plea was induced by an unfulfilled prosecution promise is a question of fact to be resolved at an evidentiary hearing.

and records of the case." [2] But as in *Machibroda,* "the factual allegations contained in petitioner's motion and affidavit * * * related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." Machibroda v. United States, *supra* at 494–495, 82 S. Ct. at 514. It is true that in *Machibroda* there had been no Rule 11 inquiry. But, as defendant points out, in cases in which a guilty plea has been improperly induced, most defendants would be expected to deny any impropriety during the Rule 11 hearing.[3] It is for this reason that the courts have generally concluded that the Rule 11 record is "evidential on the issue of voluntariness * * * not conclusive." United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 314 (2d Cir. 1963). *Accord,* Jones v. United States, 384 F.2d 916 (9th Cir. 1967); Trotter v. United States, 359 F.2d 419 (2d Cir. 1966); Scott v. United States, 349 F.2d 641 (6th Cir. 1965).

█ We note that defendant is not attempting to withdraw his guilty plea but is only challenging the validity of his sentence. At one time, the Fourth Circuit took the position that a petitioner must establish the invalidity of his plea before his sentence could be vacated. Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963). But that is not the rule in the Second Circuit. In United States v. Paglia, *supra,* Judge Learned Hand held that petitioner's allegations failed to support his contention that he was innocent. He added, however, that, if petitioner could prove that his guilty plea was induced by an unfulfilled prosecution promise to recommend leniency, he was entitled to have his sentence reduced. This position now appears to have the approval of the Supreme Court. In Marvel v. United States, 335 F.2d 101 (5th Cir. 1964), rev'd, 380 U.S. 262, 85 S.Ct. 953, 13 L. Ed.2d 960 (1965), petitioner contended that his sentence should be reduced because at the time he pleaded guilty the court misled him regarding the maximum sentence he might receive. The Fifth Circuit affirmed the district court's denial of his motion. Even though petitioner had not alleged that his guilty plea was itself invalid, the Supreme Court summarily reversed and remanded "for a hearing as to whether petitioner was misled by the trial judge as to the maximum sentence." We had ruled earlier in a similar case that a representation by the court prior to the acceptance of a guilty plea that defendant's sentence would not exceed five years was grounds for the immediate release of defendant once those five years had passed. Workman v. United States, 337 F.2d 226 (1st Cir. 1964). *Accord,* Chapin v. United States, 341 F.2d 900 (10th Cir. 1965); United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244 (S.D.N.Y.1966). And in United States v. Theodore, No. 7219 (1st Cir., Mar. 4, 1969), which involved this defendant's so-called "co-defendant," we summarily reversed a ruling by the district court that a motion to vacate sentence must be supported by "an outright denial by defendant of the charges brought against him."

Defendant contends that he will suffer unfair discrimination if he is not accorded the same treatment as his co-defendant Theodore. On remand, Theodore's sentence was suspended by the district court on the ground that his guilty plea had been induced by an unfulfilled promise by the United States Attorney. We note, however, that Theodore offered very compelling evidence at his hearing. He in-

2. 28 U.S.C. § 2255 (1964) provides: " * * * Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing thereon, * * * "

3. As defendant notes in his brief, the government's argument suggests that, in re-

ply to the court's inquiry about inducements, defendant would be expected to respond: "Yes, your honor, I have been promised a deal by my attorney and he tells me that the United States Attorney has agreed to the deal and that you sir, have been previously informed of the agreements set forth in said deal."

troduced a letter which the United States Attorney had sent to his lawyer promising to recommend a suspended sentence. We do not know as yet what evidence this defendant will offer.

 Accordingly, we conclude that the defendant is entitled to an evidentiary hearing. We do not determine whether it is necessary that defendant be present at the hearing. That is discretionary with the district court.[4] Machibroda v. United States, *supra* at 495–496, 82 S. Ct. 510.

Reversed and remanded to the district court for proceedings consistent with this opinion.

---

4. 28 U.S.C. § 2255 (1964) provides: " * * * A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."