**UNITED STATES of America,**
**Appellee,**

v.

**Peter J. PALLOTTA, Defendant,**
**Appellant.**

**No. 7661.**

United States Court of Appeals,
First Circuit.

Nov. 6, 1970.

Peter J. Pallotta on brief pro se.

David A. Brock, U. S. Atty., and William B. Cullimore, Asst. U. S. Atty., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

On September 20, 1967, defendant was indicted for bank robbery and putting the lives of certain persons in jeopardy by use of a dangerous weapon in violation of 18 U.S.C. §§ 2113(a) and (d) (1964). He was tried by a jury, found guilty, and sentenced to twenty-five years in prison. On appeal, we remanded the case for retrial for reasons not pertinent here. Pallotta v. United States, 404 F.2d 1035 (1st Cir. 1968). On January 9, 1969, defendant changed his plea to guilty. He was sentenced to twelve years imprisonment on April 18. On June 26 a motion for reduction of sentence was denied by the district court without a hearing.

On April 24, 1970, defendant wrote a letter to the district judge in whose court he had pleaded guilty, alleging the following: (1) defendant's court-appointed

---

counsel had told him in the presence of Richard Brunell, a United States Marshal, that "in exchange for my plea of guilty, the U. S. Attorney, Mr. Louis Janelle, had agreed to make a strong verbal recommendation to the Court that I (the defendant) be sentenced to a period of ten (10) years, not twelve (12) years imprisonment." (2) "My sole purpose of entering my plea of guilty was due to the fact that I was led to believe I was to receive a ten (10) year, not twelve (12) year sentence." (3) The United States Attorney failed to honor his promise. The transcript shows that the United States Attorney recommended a twelve-year sentence. The district court treated defendant's letter as a motion under 28 U.S.C. § 2255 (1964), which it denied without a hearing.

In United States v. McCarthy, 433 F.2d 591 (1st Cir., 1970), also decided this day, we held that defendant was entitled to a hearing under 28 U.S.C. § 2255 (1964) when he moved to have his sentence vacated on the ground that he had been promised a suspended sentence in return for his guilty plea. In the instant case, defendant alleges merely that the prosecution promised to *recommend* a lesser sentence and failed to honor that promise. However, as we noted in *McCarthy*, a sentence based on a guilty plea that was induced by an unfulfilled prosecution promise is void.

This case differs from McCarthy in that here the defendant alleges that he was informed about the United States Attorney's promise indirectly by his own counsel. A "mere prediction by counsel of the court's likely attitude on sentence, short of some implication of an agreement or understanding, is not ground for attacking a plea." Domenica v. United States, 292 F.2d 483, 485 (1st Cir. 1961). Here, however, defendant alleges that his counsel purported to speak on behalf of the United States Attorney; that "a 'working agreement' had been formulated by the defense counsel and the United States Attorney and that said agreement was breached and disavowed by both parties concerned." See Machibroda v. United States, 368 U.S. 487, 489, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Even if no "working agreement" existed in fact, the voluntariness of defendant's guilty plea would be seriously in question if it was induced by representations by court-appointed counsel that such an agreement was in effect. See United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508, 516 (E.D.N.Y. 1967).

Before writing to the court about this matter, defendant wrote to his trial counsel in an attempt to corroborate his allegations. In a letter dated February 25, 1970, counsel implied that he remembered asking the United States Attorney to recommend ten years but, as he recalled, the United States Attorney "did not really care whether he tried the case or not as he had witnesses present that morning prepared to go to trial." Defendant sent a copy of this letter to the district court, and the letter may have led the court to conclude that it could dispose of defendant's motion on the basis of "the files and records of the case." [1] However, a reading of the record throws some doubt on the accuracy of counsel's "recollections." In his letter counsel recalls that he had requested a twelve year sentence, but the transcript of the sentencing hearing shows that the United States Attorney had recommended twelve years and defendant's counsel, five.

In any event, we do not find the failure of counsel to recall the events alleged by defendant conclusive in this case. Hearings are often required even when the officials involved or the witnesses have presented affidavits directly contradicting petitioners' allegations. *See* Machibroda v. United States, *supra*; Scott v. United States, 349 F.2d 641 (6th Cir. 1965).

1. 28 U.S.C. § 2255 (1964) provides: " * * * Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing thereon, * * *."

Given the specificity of defendant's allegations,[2] we conclude that at a minimum the testimony of one or both witnesses should be heard. We see no need for defendant to be present at the hearing unless, after the witnesses' testimony is taken, the district court determines that it needs to question him further.

Reversed and remanded to the district court for proceedings consistent with this opinion.

2. For a discussion of the requisite specificity of petitioner's allegations, *see* Machibroda v. United States, *supra*, 368 U.S. at

495, 82 S.Ct. 510, and United States v. McCarthy, *supra*.