Claudio Anthony DIAZ TORRES,
Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 76–1223.

United States Court of Appeals,
First Circuit.

Submitted May 23, 1977.

Decided Nov. 4, 1977.

**618**

Armando Cardona Acaba, Bayamon, P. R., on brief, for petitioner, appellant.

Julio Morales Sanchez, U. S. Atty., and Jose A. Quiles, Asst. U. S. Atty., San Juan, P. R., on brief, for respondent, appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, CAFFREY,* District Judge.

CAFFREY, District Judge.

This is an appeal from the denial of appellant's § 2255 petition which challenged the constitutionality of the procedure employed at the time he was sentenced for violation of 18 U.S.C. § 2113 (1970) and 18 U.S.C. § 371 (1970).

Appellant pleaded guilty to three counts of an indictment charging him respectively with violations of 18 U.S.C. § 371 (conspiracy to rob a bank), 18 U.S.C. § 2113(a) (bank robbery), and 18 U.S.C. § 2113(d) (use of a dangerous weapon in the course of a bank robbery). The District Court imposed a sentence of five years on Count 1 for violation of 18 U.S.C. § 371, imposed no sentence on Count 2, and sentenced defendant to twenty years on Count 3 for violation of 18 U.S.C. § 2113(d), the latter sentence to be served on and after the sentence imposed on Count 1.

At the sentence hearing which took place on December 10, 1971, the prosecutor advised the sentencing judge that defendant was the prime force during the bank robbery, namely that "he carried the shotgun, directed the operations, planned the crime, and, by his actions, not only succeeded in getting away with a substantial amount of money, but, more importantly, he placed in jeopardy the lives of three peaceful citizens of this community." The District Court listed the following factors it relied on in deciding what sentence to impose:

This pre-sentence report shows that you were the leader of this whole movement of robbing the Banco Credito Y Ahorro Ponceno. It shows that you elaborated the plan and that after having elaborated the plan and after having formed the group you got to the point of not allowing anyone from leaving that group by telling your companions that if they left they would be killed by you.

Even though this plan was preconceived by somebody else, this somebody else apparently did not have the guts to carry it through but this plan got to your knowledge and then you thought that you had the guts to do it so you planned it.

The record shows the previous conviction; it shows that you left your wife and without divorcing her you married somebody else committing bigamy and so that you would not be charged with bigamy, you divorced your second wife. It shows a way of life that is not the way of life of a straightforward citizen of this community.

The transcript indicated that prior to the imposition of sentence, the Court extended the right of allocution to defendant, who made statements tending to establish that subsequent to the offense he had changed his ideals, ambitions, and way of thinking, and had, in effect, acquired religion. An argument on his behalf was also made by his attorney. Significantly, after the prosecutor had made his statement and the trial court had listed the factors relied on in determining the extent of sentence, defense counsel made a further response which in no way challenged anything said by the prosecutor or the trial judge as to the extent of defendant's leadership and responsibility for the robbery. Defendant made no further attempt to use his right of allocution.

* Of the District of Massachusetts, sitting by designation.

The absence of a challenge to the factors relied on by a sentencing judge has been treated as a matter of some significance by the Court of Appeals for the District of Columbia in *United States v. Pinkney,* 177 U.S.App.D.C. 423, 543 F.2d 908 (1976), where the Court observed, "We are mindful that appellant's personal statement to the court preceded Government counsel's statement, but we perceive no impediment to disputation by appellant had he been inclined to respond, particularly since there was a response by his counsel . . ." *Id.* 177 U.S.App.D.C. at 429, 543 F.2d at 914 n. 43.

Appellant waited until December 13, 1976 to file the instant petition to vacate sentence pursuant to 28 U.S.C. § 2255 (1970), *i. e.,* five years and three days after the imposition of sentence.

■ Appellant argues correctly that if his sentencing was based on material misapprehension of fact by the sentencing judge, the sentencing is unconstitutional. *United States v. Tucker,* 404 U.S. 443, 447–49, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). While this statement is true as a statement of law, a more crucial question is whether petitioner, after remaining silent for over five years, may now come forward and challenge the contents of the pre-sentence report which both he and his counsel failed to do during the sentence hearing. A negative answer to this question is strongly suggested by the opinion of the Supreme Court in *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), where, in response to a delayed challenge to the information relied on by the sentencing judge, the Supreme Court ruled that it would not accept a belated challenge to the bases used by the sentencing judge in determining his sentence. The Court observed:

> The accuracy of the statements made by the judge . . . was not challenged by appellant or his counsel, nor was the judge asked to disregard any of them or to afford appellant a chance to refute or discredit any of them by cross-examina-

tion or otherwise. *Id.* at 244, 69 S.Ct. at 1081.

It should be noted that a number of Courts of Appeals have held in substance "that the accused's failure to challenge the accuracy of the information is a sufficient indicium of its reliability for sentencing uses." *United States v. Pinkney, supra* at 177 U.S.App.D.C. at 429, 543 F.2d 914 n. 37; *United States v. Bass,* 175 U.S.App.D.C. 282, 292–93, 535 F.2d 110, 120–21 (1976); *United States v. Cardi,* 519 F.2d 309, 314–15 (7th Cir. 1975); *United States v. Mims,* 440 F.2d 643, 644–45 (8th Cir. 1971); *United States v. Carden,* 428 F.2d 1116, 1118 (8th Cir. 1970). *Cf. United States v. Picard,* 464 F.2d 215, 219–20 (1st Cir. 1972).

■ This Court is not prepared to hold that the information relied on by a sentencing judge may never be challenged at a point in time subsequent to the hearing at which sentence was imposed. However, when confronted by such a petition, this Court will carefully scrutinize the information advanced by petitioner as justifying his delay and as excusing his failure to challenge the information during the course of the hearing. Any other position would serve to encourage defendants serving lengthy sentences to lie back and wait, and to attack the basis of the sentencing after witnesses with relevant knowledge have died or have otherwise become unavailable, or after pertinent records have become routinely destroyed, lost or otherwise unavailable.

*The judgment of the District Court is affirmed.*