**UNITED STATES of America, Appellee,**

v.

**Robert Carl LEONARD, Appellant.**

**No. 78–1089.**

United States Court of Appeals,
Ninth Circuit.

Jan. 12, 1979.

W. Brian Bayly, Phoenix, Ariz., for appellant.

Daniel R. Drake, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before TRASK and WALLACE, Circuit Judges, and HOFFMAN,* Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

Appellant appeals the summary dismissal of his 28 U.S.C. § 2255 motion to vacate his prior federal sentence. In his motion Leonard alleged that the sentence he is serving was imposed on the basis of false and unverified material contained in his presen-

* Honorable Walter E. Hoffman, Senior United States District Judge, Eastern District of Virginia, sitting by designation.

tence report. The question presented by this appeal is whether the district court, which at the time of sentencing afforded defendant and his counsel an opportunity to examine the presentence report and to comment upon it, must now conduct an evidentiary hearing on the allegations contained in appellant's motion.

Leonard, pursuant to a plea agreement, pled guilty to two counts of making a false credit application in violation of 18 U.S.C. § 1014. The guilty pleas were accepted by the district court on April 6, 1977. At the sentencing hearing on May 3, 1977, Leonard's attorney, Public Defender Kleinschmidt, said in part: "I would first like to make a report about the presentence report. I have read it. Insofar as it states the facts it is accurate." The public defender did inform the district judge that much of the material in the report had been taken from a state presentence report relative to a state sentence appellant was then serving. He also told the court that he believed that there was a personality conflict between the state probation officer who prepared the state report and Leonard. At no time did the public defender state that there were any inaccuracies in the report before the district court.[1]

Leonard, when afforded his right to speak, did not mention any inaccuracies in the presentence report, although the district judge specifically asked him if he had anything he wished to bring to the court's attention.[2] Leonard was sentenced to two years on each count to which he had pled guilty, the sentences to be served consecutively.

Subsequently, Leonard filed a timely motion to reduce the sentence pursuant to Rule 35, F.R.Cr.P. The basis of this motion was Leonard's health problems and his desire to rehabilitate himself. At the hearing on the motion before the district judge, no reference was made to the presentence report or to any alleged misinformation relied upon by the judge at sentencing.

After the denial of his Rule 35 motion, Leonard sought relief under 28 U.S.C. § 2255. In his motion he alleged for the first time that his sentence was imposed because of an inaccurate and unverified presentence report. The district court dismissed the petition without a hearing. We agree with the district court's action.

We realize that in *Townsend v. Burke, supra,* a case decided in 1948 prior to the amendment of Rule 32, the Supreme Court held that a sentence predicated on false information results in a denial of due process of law.[3] In *United States v. Weston, supra,* we went further and held that a sentence is invalid if predicated on information which is not sufficiently amplified as to be persuasive of the charge made. However, neither the decisions of the Supreme Court or of this circuit have indicated that all material contained in a presentence report need be reviewed in a post-conviction hearing.

Rule 32(c)(3)(A), F.R.Cr.P., states in pertinent part:

Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation . . . .; and the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating

1. In discussing certain misinformation relied upon by the trial judge in sentencing, the Court in *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), stated: "Counsel, had any been present, would have been under a duty to prevent the court from proceeding on such false assumptions . . . ." *Id.* at 740, 68 S.Ct. at 1255.

2. In *United States v. Weston,* 448 F.2d 626 (9th Cir. 1971), *cert. denied* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972), we vacated Weston's sentence because the district court relied

upon information in the presentence report which had not been "amplified by information such as to be persuasive of the validity of the charge there made." *Id.* at 634. However, unlike the appellant here, Weston had, at the time of her sentencing hearing, vigorously denied the information in her presentence report.

3. *See, also United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (constitutionally void convictions may not be considered in imposing sentence).

to any alleged factual inaccuracy contained in the presentence report.

Rule 32(c) was amended in 1975 to authorize the disclosure of presentence reports to the defendant and his counsel (subject to certain limitations not here applicable). The very purpose of the Advisory Committee on Criminal Rules in suggesting the amendment to Rule 32(c) was to avoid what the appellant now seeks.[4] A full opportunity is now afforded the defendant and his counsel to intelligently dispute the accuracy of a presentence report. This opportunity was afforded to appellant by the district court. To grant appellant's request for an evidentiary hearing at this late date, would reopen all sentences for indefinite periods. We decline to do so.

Pursuant to Rule 32(c)(3)(A) appellant and his counsel were afforded ample opportunity to call attention to any inaccuracies in the presentence report and, therefore, there was no denial of due process of law in the imposition of the sentence.

AFFIRMED.

---

4. The Advisory Committee Note states in pertinent part:

The Advisory Committee is of the view that accuracy of sentencing information is important not only to the defendant but also to effective correctional treatment of a convicted offender. The best way of insuring accuracy is disclosure with an opportunity for the defendant and counsel to point out to the court information thought by the defense to be inaccurate, incomplete, or otherwise misleading.

F.R.Cr.P. 32(c), Advisory Committee Note (1974).