Henry W. KNIGHT, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

No. 78–1525.

United States Court of Appeals, First Circuit.

Submitted Sept. 14, 1979.

Decided Dec. 19, 1979.

Henry W. Knight on brief pro se.

Edward F. Harrington, U. S. Atty., and Judith S. Yogman, Asst. U. S. Atty., Boston, Mass., on brief for respondent, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

The appellant, Henry W. Knight, pleaded guilty, after eight days of trial, on July 29, 1971, to a charge of conspiracy to violate the narcotics laws, 26 U.S.C. § 4705(a), and was sentenced pursuant to 26 U.S.C. § 7237(b) on September 8, 1971, to a term of fifteen years. Appellant is currently serving that sentence in the federal penitentiary in Atlanta, Georgia. On December 1, 1977, appellant filed a petition pursuant to 28 U.S.C. § 2255 alleging violations of his constitutional rights in connection with the court's acceptance of his bargained-for guilty plea and the procedure followed at his sentencing hearing. The district court found that appellant was not entitled to

relief on any of the grounds asserted in his petition and therefore dismissed his motion to vacate his sentence.[1] Appellant, as he did in his petition to the district court, urges five grounds for vacating his sentence.

■ As the first ground for vacating his sentence, appellant argues that the trial court failed to inform him of the elements of the crime with which he was charged and that he pleaded guilty without understanding the charge.[2] In rejecting this ground as "frivolous", the district court stated that the transcript revealed that "the trial court carefully advised [appellant] of the nature of the charge against him and that he understood it." Our review of the transcript pages cited by the district court in its memorandum and order convinces us that there was ample evidence from which the court could conclude that appellant understood the charges against him.

■ Appellant asserts as his second ground that the trial court failed to determine whether there was a factual basis for the guilty plea as required by Fed.R.Crim.P. 11(f). Appellant attacks the procedure followed by the trial court at the Rule 11 hearing on two separate grounds. First, he says, the trial judge never accepted the guilty plea, but instead conditioned his acceptance on the government's production of additional information. After reviewing the transcript, we agree with the district court that the trial judge did in fact accept the plea and stated that additional evidence was not required. Appellant also alleges

that the trial judge impermissibly considered evidence introduced at the trial of appellant's co-conspirators after he had pleaded guilty. Rule 11 provides, however, that the trial court may not enter *judgment* on a guilty plea unless it is satisfied that there is a factual basis for the plea. Since the court may enter judgment well after its acceptance of the plea, the rule apparently anticipates that the court's evaluation of a guilty plea may be influenced not only by information obtained during the Rule 11 hearing, but also afterward. *See* 8 Moore's Federal Practice ¶ 11.03[3] (1978). The permissible sources of this information, moreover, are varied, *see* 1966 Advisory Committee Note, and the court's inquiry should not be limited by the rules of evidence, *see* Moore's Federal Practice, *supra*, at 11–72 n.34. At the least, the trial court was entitled to consider the evidence and testimony produced in the eight days of trial while appellant was still a defendant in the case, after which the court stated that it found an adequate factual basis for appellant's guilty plea.

■ Appellant's third ground is that he was denied his right to complete allocution at his sentencing hearing because the trial court failed to advise him that he was entitled to present affirmative matters in his own behalf. The district court, again referring to specific pages in the transcript, found that appellant was advised at his plea-entry hearing that he would be entitled to allocution at his sentencing hearing and that at the time of sentencing the trial

---

1. Judge Caffrey, the trial judge, disqualified himself from deciding the appellant's section 2255 petition. Judge Garrity subsequently ruled on the petition, filing a Memorandum and Order of Dismissal on October 20, 1978.

2. Appellant attempts to bolster his argument with two factual assertions not raised in his petition to the district court. First, with respect to the trial court's failure to inform him of the charge, appellant points to the court's apparent confusion regarding the precise nature of the charge. While inquiring into appellant's understanding of the charge, the consequences of conviction, and the voluntariness of the plea, the trial judge first asked appellant whether he had conspired to sell narcotics "not

in or from the original package." Appellant responded that he had. The Assistant United States Attorney then explained to the court that the charge was conspiracy "to sell heroin without a written order form." The judge asked appellant if he had so conspired, and appellant answered affirmatively. Second, with respect to his understanding of the charge, appellant claims that he was under mental stress from the conditions of his confinement, that he was confused about the charges, and that he admitted committing the offense only because his attorney had advised him to answer affirmatively all questions by the court. Since these arguments were not before the district court, we do not consider them now.

judge asked him if he wished to make a statement or present evidence in his behalf. Appellant declined to make a statement or to present any evidence. Appellant's additional argument that the court's explanation was inadequate does not, in the light of this sequence of events, impress us.

Appellant's fourth argument is that his sentence must be vacated because the government violated the terms of its plea agreement to make no recommendation with respect to sentencing. At the sentencing hearing, the Assistant United States Attorney stated, "The Government makes no recommendation, in accordance with agreement with counsel." Appellant asserts that the government breached this agreement when the Drug Enforcement Administration (DEA) submitted a letter to the Parole Commission in December of 1976 opposing appellant's petition for parole. The district court found that this letter did not violate the agreement because the government's promise "pertained only to sentencing by the court."

Although the district court's interpretation of the plea bargain is a plausible one based on the statement of the Assistant United States Attorney at the sentencing hearing, appellant claims that, at the time he pleaded guilty, he understood the plea agreement as precluding the government from opposing parole during the term of his sentence. In his section 2255 petition to the district court, appellant stated that he entered his plea "with the belief and understanding that the plea bargain extends throughout the sentence, petitioner was so advised by his court-appointed counsel." In his brief to this court he elaborated on this point: "Counsel said 'The Govt [sic] will not be able to oppose parole or a reduction in sentence, the Govt is bound by this agreement. . . . I was an Assistant United States Attorney and I know what I'm talking about because I worked out of that office.'" Although it was an agent of the DEA, not the United States Attorney, who submitted the letter opposing parole, appellant argues that because the DEA instigat-

ed his prosecution, was present throughout the trial, and was familiar with the terms of the plea agreement, the DEA is bound by the terms of the agreement.[3] Finally, appellant urges us to find that the district court erred in failing at least to hold an evidentiary hearing on his claim that the government violated the plea agreement as he understood it.

■ The Supreme Court, in *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962), stated: "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." A guilty plea becomes involuntary, and the ensuing sentence subject to collateral attack, when the prosecutor fails to perform his side of a plea agreement. *United States v. McCarthy,* 433 F.2d 591, 592 (1st Cir. 1970) ("sentence based on a guilty plea that was induced in reliance on unfulfilled prosecution promise is void"); *Shelton v. United States,* 246 F.2d 571 (5th Cir. 1957) (en banc), *rev'd on other grounds,* 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958). The prosecution, moreover, need not intentionally violate a plea agreement for the ensuing sentence to be void. *United States v. McCarthy, supra,* 433 F.2d at 592 n.1. If a plea is induced by defense counsel's misrepresentation of the prosecutor's promise, the plea should be vacated as involuntary. *United States v. Marzgliano,* 588 F.2d 395 (3d Cir. 1978); *Petraborg v. United States,* 432 F.2d 1194 (7th Cir. 1970). Thus, where counsel represents that an agreement has been made with the United States Attorney, even if no such agreement exists, a defendant may collaterally attack a plea induced by such a representation. *McAleney v. United States,* 539 F.2d 282 (1st Cir. 1976); *United States v. Pallotta,* 433 F.2d 594 (1st Cir. 1970). In *McAleney,* defense counsel told his client, falsely, that the prosecutor had agreed to recommend a light sentence. In granting petitioner's motion in that case, we said that he was "entitled to credit his attorney's representation as to the fact of such an agreement, and to rely on it; and if his guilty plea was in fact

---

**3.** Neither the district court nor the government disputed this point.

induced by such a representation, . . . relief is in order." 539 F.2d at 284.

 The cases holding that counsel's misrepresentation of the terms of a plea agreement undermine the validity of a guilty plea reflect the concern that waiver of the right to trial should be a knowing, informed decision by the defendant. But many of the factors that go into a defendant's decision to plead guilty—for example, estimates of the likelihood of conviction at trial and the sentence the court is likely to impose—depend on communications between attorney and client that are beyond the supervision of the courts.[4] Thus, we have stated that a "mere prediction" by counsel of the likely, though ultimately unfulfilled, favorable consequences of a guilty plea will not taint an otherwise valid sentence. *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961). The statement purportedly made by appellant's counsel in this case was not a misrepresentation of the terms of the government's agreement, but was counsel's legal opinion about the future effect of the promise. We find this to be indistinguishable from an attorney's recommendation of a guilty plea based on his considered judgment that a particularly damning piece of evidence would be admissible at trial. In neither case will the court step in to correct counsel's legal misjudgment.[5]

Finally, in an ancillary motion accompanying his section 2255 petition, appellant argued that he was sentenced in part on the basis of erroneous statements in the government's presentence report. In particular, he objects to the following paragraph in the report:

"HENRY KNIGHT made several trips to New York City to pick up large lots of heroin for Maurice Gregory. He was one of Gregory's principal dealers in the Boston area. KNIGHT found that Gregory's prices were too high so he switched his dealings over to William Miller, the largest dealer in the Boston area."

The district court rejected this objection to the trial court's sentencing because "substantially similar allegations were made by the government in bills of particulars filed on July 13 and 26, 1971 [and] the allegations complained of are included in the official version of the offense." In response to appellant's argument that no evidence was adduced at trial to substantiate this assertion, the district court stated that the trial judge was in a position to determine whether or not the allegation was satisfactorily established by the evidence at trial and hence whether to consider it in determining sentence. Furthermore, the court noted that, at sentencing, the portion of the pretrial report pertaining to appellant's criminal record, which presumably was the primary determinant in the judge's sentencing decision, was read to appellant and his counsel.

 Although a sentence based on a material misapprehension of fact by the sentencing judge is unconstitutional, *United States v. Tucker*, 404 U.S. 443, 447–49, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), a prisoner generally may not seek postconviction review of his sentence when both he and his counsel failed to object to the presentence report at the time of the sentencing hearing. *Diaz Torres v. United States*, 564 F.2d 617, 619 (1st Cir. 1977); *see Williams v.*

4. The most obvious danger inherent in this aspect of the plea bargaining system is that an innocent defendant may be induced to plead guilty to avoid the possibility of a harsher sentence under what he is led by his attorney to believe is certain conviction at trial. *See North Carolina v. Alford*, 400 U.S. 25, 28 n.2, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *People v. Byrd*, 12 Mich.App. 186, 206–07, 162 N.W.2d 777, 787 (1968) (Levin, J., concurring); Langbein, *Torture and Plea Bargaining*, 46 U.Chi.L.Rev. 14–16 (1978). More subtle, and more pervasive, is the possibility that defendants who are misin-

formed about the strength of the government's case will plead guilty in cases in which conviction would be highly unlikely if the government were put to its burden of proof. *See* M. Finkelstein, *Quantitative Methods in Law* 263–87 (1978).

5. Because we conclude that appellant's allegation, even if true, does not state a basis for vacating his sentence, it was not error for the district court to deny an evidentiary hearing on this question.

*New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). In *Diaz Torres, supra,* we declined to hold that information relied on by a sentencing judge and not objected to at the time may never be challenged, but we noted that we would "carefully scrutinize the information advanced by petitioner as justifying his delay and as excusing his failure to challenge the information during the course of the hearing." 564 F.2d at 619. The district court's finding that appellant had notice of the allegation because it was in both the indictment and the government's answers to interrogatories is not supported by the record: neither of the items referred to by the district court contains any allegation that appellant travelled to New York to purchase heroin. However, appellant fails to aver in his petition that his counsel was unaware of these allegations in the presentence report. A criminal defendant is not entitled to examine a presentence report to which his counsel has access. *See* Fed.R.Crim.P. 32(c)(3)(A); *United States v. Green*, 483 F.2d 469 (10th Cir.), *cert. denied*, 414 U.S. 1071, 94 S.Ct. 583, 38 L.Ed.2d 477 (1973). Thus, appellant's bare assertion that he never had access to the presentence report will not excuse the eight-year delay in challenging his sentence. Moreover, absent any allegation that the trial judge relied on the challenged statement or that the sentence was excessive when viewed solely against the background of the offense and appellant's prior record, lack of access to the entire presentence report did not require the district judge to hold an evidentiary hearing.

*Affirmed.*