830 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie L. CURTIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-5313
 United States Court of Appeals, Sixth Circuit.
 October 2, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se federal prisoner appeals the denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. In his motion, he alleged, in essence, that federal agents gave perjured testimony before the grand jury, that his plea was involuntary, that his presentence investigation report was inaccurate, that he was denied effective assistance of counsel, and that he was incompetent. The district court concluded that his claims were meritless, and upon review, we agree.
 
 
 3
 An examination of the plea colloquy reveals that the petitioner entered a voluntary and intelligent plea. Brady v. United States, 397 U.S. 742, 755 (1970); Boykin v. Alabama, 395 U.S. 238 (1969). Since his plea was voluntary and intelligent, he is foreclosed from collaterally attacking the grand jury proceedings or the indictment. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). In addition, it is clear from the transcript that the petitioner had an opportunity before sentencing to identify and correct any alleged inaccuracies in his presentence investigation report, therefore, he has waived any objection to the information contained in the report. United States v. Plisek, 657 F.2d 920, 924-25 (7th Cir. 1981); United States v. Leonard, 589 F.2d 470, 472 (9th Cir. 1979).
 
 
 4
 The petitioner's claim of ineffective assistance of counsel also must fail. He has not shown that his counsel's performance was deficient, and that as a result, he suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, the record reveals that the attorney adequately discussed the petitioner's rights, the plea, the presentence investigation report, and maximum sentences with the petitioner, and zealously represented him throughout each proceeding.
 
 
 5
 The petitioner's final claim of incompetence is meritless. The record does not indicate any abnormalities in the petitioner's behavior which might lead the court or a defense attorney to suspect incompetence. The petitioner's answers and questions were lucid, coherent and intelligent. Furthermore, the court thoroughly questioned the petitioner concerning his mental health and competence. In conclusion, it appears that the petitioner had sufficient present ability to consult with his attorney with a reasonable degree of rational understanding, and a rational as well as a factual understanding of the proceedings against him. Williams v. Bordenkircher, 696 F.2d 464 (6th Cir.), cert. denied, 461 U.S. 916 (1983).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.