UNITED STATES of America, Plaintiff,

v.

Ronald B. KING, Defendant, pro se.

Crim. A. No. 85–90(2)–C.

United States District Court,
D. Massachusetts.

Sept. 28, 1988.

Ronald B. King, pro se.

## MEMORANDUM

CAFFREY, Senior District Judge.

In this Court in 1985 the defendant, Ronald King, pled guilty to one count each of perjury and conspiracy (in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1623 respectively) and was sentenced to three years imprisonment for each count, sentences to be served concurrently. In the spring of 1988, after completing his incarceration for a state criminal law conviction and serving five months of his federal sentence, King came before the federal parole board for the first time. The board denied parole and rated King "a poor[ ] risk" based at least in part, King argues, on erroneous information contained in his presentence report ("PSR"). King, acting *pro se*, now petitions this Court to correct his PSR, claiming that he never viewed the report, and therefore had no opportunity to object to the inaccuracies contained therein before sentencing.

■ As a threshold matter, we note that when considering a motion made by a litigant *pro se*, it is the duty of the court to construe the pleadings liberally. *Diskin v. J.P. Stevens & Co.*, 652 F.Supp. 553, 555 (D.Mass.), *rev'd on other grounds*, 836 F.2d 47 (1st Cir.1987). King's motion to amend his presentence report, when read liberally, essentially asserts three claims: 1) that King's appointed counsel failed to show him the PSR; 2) that this failure deprived King of the opportunity to dispute its inaccuracies before sentencing; and 3) that this failure deprived King of his Sixth Amendment right to effective representation. We consider each claim in turn.

### COUNSEL FAILED TO SHOW THE DEFENDANT HIS PSR BEFORE SENTENCING

■ Rule 32 of the Federal Rules of Criminal Procedure was amended in 1983 to require that "*both* the defendant *and* his counsel" have the opportunity to read the defendant's PSR prior to sentencing. Fed. R.Crim.P. 32(a)(1); Notes of the Committee on the Judiciary, House Report No. 94–247, *reprinted in* Federal Criminal Code & Rules 108 (1988) (emphasis in original). Although there has been some disagreement in the circuits concerning what exactly the amended rule requires of the sentencing judge, the First Circuit Court of Appeals recently considered the matter and held that "[a]ll that is required by Rule 32(a)(1)(A) is that the court determine that the defendant and his counsel have had the opportunity to read and discuss the report." *United States v. Serino*, 835 F.2d 924, 931 (1st Cir.1987). The amended rule does not

> create an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report and discuss it with counsel. Instead, it appears that the court need only

*somehow* determine that the defendant has had this opportunity.

*United States v. Mays,* 798 F.2d 78, 80 (3d Cir.1986) (emphasis in original). *Contra United States v. Rone,* 743 F.2d 1169 (7th Cir.1984). Thus, after giving the defendant and his attorney an opportunity to speak at the sentencing hearing, so long as the court can reasonably conclude that both were familiar with and had discussed the PSR, the court need not pose specific questions concerning the defendant's access to the PSR. *United States v. Serino,* 835 F.2d at 931.

Here, as in *Serino,* the record "persuades us that defendant and his counsel were abundantly familiar with the presentence report." *Id.* King's attorney, Susan Crockin, received the PSR at least two days prior to sentencing. On the cover sheet attached to the PSR, Crockin checked the box indicating "I have read the presentence investigation report" and affixed her signature and the date in the space labelled "Counsel." Appendix I. In addition to Crockin's signature, the cover sheet is signed and dated by King's probation officer. The probation officer has noted, in the space provided for the defendant's signature, "Read by Defendant 7/31/85." *Id.* Thus, although King's signature does not appear on the cover sheet as it should, the fact that King's attorney signed the PSR two days before sentencing and the probation officer's notation both suggest that King reviewed the report before the sentencing hearing.

■ The transcript of the hearing also reveals that King's attorney did object to erroneous information contained in the PSR which the Court corrected before imposing King's sentence. When asked for a statement before sentencing, Crockin responded that the "only correction" required in the PSR was the deletion of a repetitive larceny charge that appeared in the summary of the defendant's criminal record on pages six and seven of the report. After that deletion was made, Crockin stated that no other "changes or corrections" were necessary. When asked whether he wished to make a statement, the defendant simply replied, "I'm sorry, your Honor." Neither King nor his attorney objected to the information now at issue, which appears on the very *first page* of the PSR. Based on the record, therefore, we find little factual basis to support King's claim that he did not review the PSR before sentencing and we find ample factual basis to support our determination that both the defendant and his attorney were familiar with the PSR, as required by *United States v. Serino,* 835 F.2d at 931.

## FAILURE TO REVIEW THE PSR BEFORE SENTENCING DEPRIVED THE DEFENDANT OF HIS OPPORTUNITY TO OBJECT TO ERRONEOUS INFORMATION

In order to determine the legal significance of the facts above, a two-pronged analysis is required. In *Hardy v. United States,* 691 F.2d 39 (1st Cir.1982), the court determined that 1) when a defendant or his attorney fail to challenge a mistake in the PSR and 2) the trial court did not rely on the information when sentencing the defendant, the defendant waives his right to object at a later date. *Hardy,* 691 F.2d at 40 ("[I]t is clear that appellant's counsel had a copy of the report prior to sentencing ... and thus appellant had an opportunity to review it ... Neither he nor his counsel challenged the contents of the report."). *See also United States v. Leonard,* 589 F.2d 470, 472 (9th Cir.1979) ("[A]ppellant and his counsel were afforded ample opportunity to call attention to any inaccuracies in the presentence report and, therefore, there was no denial of due process of law in the imposition of the sentence."); *Diaz Torres v. United States,* 564 F.2d 617 (1st Cir.1977); *United States v. Stevens,* 559 F.Supp. 1007, 1012 (D.C.Kan.1983) ("[W]e believe that the proper time to challenge the information contained in the presentence report was at the sentencing stage."). The opportunity provided a defendant to challenge his PSR is thus a relatively limited one. The defendant and his attorney must carefully review the PSR prior to sentencing and object before the court imposes sentence. King's counsel did object to information contained on pages six and

seven of the PSR, yet failed to object to information on page one. When given an opportunity to speak before sentencing, King also failed to object. Three years have passed since the defendant was sentenced. The window of opportunity for King to challenge the contents of his PSR closed long ago. To open it again "would reopen all sentences for indefinite periods." *United States v. Leonard*, 589 F.2d at 472. This we decline to do, as

> [a]ny other position would serve to encourage defendants serving lengthy sentences to lie back and wait, and to attack the basis of the sentencing after witnesses with relevant knowledge have died or otherwise become unavailable, or after pertinent records have become routinely destroyed, lost or otherwise unavailable.

*Diaz Torres v. United States*, 564 F.2d at 619.

*Hardy's* second prong probes the factual issue of whether the court relied on the erroneous information when determining the defendant's sentence. *Hardy*, 691 F.2d at 40. Certainly, when a sentence is based on a material misapprehension of fact by the sentencing judge, it is unconstitutional. *Diaz Torres v. United States*, 564 F.2d at 619 (citing *United States v. Tucker*, 404 U.S. 443, 447–49, 92 S.Ct. 589, 591–93, 30 L.Ed.2d 592 (1972)). When the court has not relied on the disputed fact in determining the sentence, however, the presence of this mistake in the PSR does not constitute an error. *Hardy v. United States*, 691 F.2d at 40. King disputes one short sentence in his PSR which reports that he was arrested for a second armed robbery while free on bail for armed robbery. We will append a notation to King's PSR indicating that we did not take this information into account when determining King's sentence.

### DEFENDANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE REPRESENTATION

■ King's final argument is that his attorney's failure to show him the PSR

before sentencing deprived him of his right to effective representation. In order to prove that he received ineffective assistance, King must show that his counsel "did not exercise the skill, judgment and diligence of a reasonably competent attorney." *United States v. Stevens*, 559 F.Supp. at 1013. The record shows that King's attorney obtained and reviewed the PSR at least two days prior to sentencing and corrected the mistaken larceny entry at the sentencing hearing. King has introduced no evidence to support his allegation that he never saw the report. In fact, the record suggests that Crockin must have reviewed the PSR with King in order to correct the larceny charge. King has failed to introduce any evidence that casts doubt on the quality of the representation he received from Attorney Crockin.

### THE GOVERNMENT'S ARGUMENT

■ It should be briefly noted that the United States argues that King's failure to conform his motion to the requirements of Rule 32 of the Federal Rules of Criminal Procedure mandates dismissal of his claims. Although at least one court has ruled that a defendant who wishes to challenge his PSR "*must* follow the procedures set out in Rule 32," *United States v. Edmondson*, 818 F.2d 768, 769 (11th Cir. 1987) (emphasis added), as noted above, we have a duty to construe liberally the pleadings of a *pro se* litigant. Thus, King's failure to adhere to Rule 32's procedural requirements is not, in itself, fatal to his claim.[1]

### CONCLUSION

In conclusion, therefore, we find that the defendant's failure to object to erroneous information in his PSR before sentencing when the evidence demonstrates that he was familiar with the report's contents, coupled with our finding that we did not take into account the second armed robbery charge when determining the defendant's

---

1. King also draws our attention to two mistakes in the government's memorandum in opposition to his motion. For the record, we note that

King did not have a jury trial and was not convicted of conspiracy to defraud the United States.

sentence, preclude consideration of the defendant's motion. As we observed in 1977:

> This Court is not prepared to hold that the information relied on by a sentencing judge may never be challenged at a point in time subsequent to the hearing at which sentence was imposed. However, when confronted by such a petition, this Court will carefully scrutinize the information advanced by petitioner as justifying his delay and as excusing his failure to challenge the information during the course of the hearing.

*Diaz Torres v. United States,* 564 F.2d at 619 (Caffrey, J., sitting by designation). After careful scrutiny of the defendant's information, we find that the motion to amend his PSR should be denied.

Order accordingly.

## APPENDIX I

PROB 13D
(2/84)

### NOTICE TO DEFENDANT CONCERNING THE PRESENTENCE INVESTIGATION REPORT

| DEFENDANT'S NAME | U.S. DISTRICT COURT | DOCKET NO. |
|---|---|---|
| KING RONALD BERNARD | BOSTON, MASSACHUSETTS | 85-00090-002 |

The following information is provided concerning the presentence investigation report prepared by the U.S. Probation Office in this district.

If a defendant is incarcerated, the presentence report is used by the Federal Bureau of Prisons to determine the institution in which the sentence is to be served, the defendant's classification within the facility, his ability to obtain furloughs, and his eligibility for programs within the institution.

The presentence report also plays an important role in the parole process. The United States Parole Commission uses it as a primary source of information for calculating the inmate's parole release date.

Initial appropriate box(es)

☐ I have read and understand this notice.

☐ I have read the presentence investigation report.  *READ by Defendant 7/31/85 TJW*

Signed _____
     Defendant                    Date

☑ I have read and understand this notice.

☑ I have read the presentence investigation report.

Signed _____
     Counsel                      Date   7-29-85

Witnessed _____
          U.S. Probation Officer