43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saragosa JIMENEZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-30399.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Saragosa Jimenez appeals the district court's denial of his motion to correct the presentence report. We construe Jimenez's pro se motion as a challenge to legality of his sentence pursuant to 28 U.S.C. Sec. 2255. United States v. Leonard, 589 F.2d 470, 471 (9th Cir.1979); see also United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992). We affirm.
 
 
 3
 Jimenez mistakenly believes that the Sentencing Guidelines apply and that new law affects the calculation of the amount of drugs involved. Jimenez pleaded guilty to an offense committed in July and August 1987, therefore, the Guidelines do not apply. United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987).
 
 
 4
 Jimenez also challenges the accuracy of information in the presentence report regarding the amount of cocaine that he distributed.[1] The district court is required to ensure that the presentence report is as accurate as possible and to make explicit findings on disputed facts. United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984). The district court abided by that rule in this case.
 
 
 5
 In addition, quantity is not an element of a drug distribution offense, although it may be relevant at sentencing. United States v. Klein, 860 F.2d 1489, 1494 (9th Cir.1988). Jimenez's attorney thoroughly challenged the information in the presentence report regarding the amount of cocaine that Jimenez allegedly distributed. The district court held evidentiary hearings to explore the factual basis of the information. During those hearings, an agent repeated hearsay statements of three confidential informants regarding the quantities of cocaine Jimenez had distributed in the past. The district court found that the facts in the presentence report were true and reliable. On direct appeal, we affirmed, finding that the hearsay statements were properly considered at sentencing. United States v. Jimenez, No. 89-30365 (9th Cir. filed June 3, 1991). Therefore, the district court properly denied Jimenez's motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. All pending motions are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Jimenez raises for the first time a claim of ineffective assistance on these facts, we do not consider it. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)