80 F.3d 558
 317 U.S.App.D.C. 82
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
David E. CROCKER, Appellant.
 No. 95-3079.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 29, 1996.
 
 Before: SENTELLE, RANDOLPH and ROGERS, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. The court is satisfied, after reviewing the parties' briefs and arguments, that appropriate disposition of the case does not call for further opinion. See accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the conviction and sentence from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41.
 
 MEMORANDUM
 
 4
 David Crocker was arrested in possession of a handgun with an obliterated serial number. He was already on probation for a prior felony in Maryland. He pled guilty to being a felon in possession of a handgun and to possessing a handgun with an obliterated serial number. 18 U.S.C. § 922(g), (k) (1994). After grouping the two offenses and calculating the total punishment under the guidelines, the district court apportioned the total between the two counts and ordered the sentences to run consecutively. By operation of law, the federal sentences will also run consecutively to any sentence Crocker might serve in Maryland for the probation violation. 18 U.S.C. § 3584(a) (1988).
 
 
 5
 Crocker first contends that the district court abused its discretion in denying, without a hearing, his two presentence motions to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 32(e). He bases this contention on two supposed defects in the plea: first, that the trial court failed to meet the requirements of Federal Rule of Criminal Procedure 11(f) in taking the plea; and, second, that his counsel's ineffectiveness caused him to plead guilty.
 
 
 6
 The court discharged its obligation under Rule 11(f) to make "such inquiry as shall satisfy it that there is a factual basis for the plea." Not only did Crocker agree with the government's proffer at the plea hearing, but the court noted its familiarity with the details of this "simple" case from a suppression hearing a few days earlier. The court was entitled to refer to proceedings other than the plea hearing to satisfy itself of the factual basis for the plea. Knight v. United States, 611 F.2d 918, 921 (1st Cir.1979); United States v. Wetterlin, 583 F.2d 346, 352-53 & n. 9 (7th Cir.1978), cert. denied, 439 U.S. 1127 (1979). While a district court's shorthand reference to another proceeding might present a problem where the other proceeding is not part of the record on appeal, see Sassoon v. United States, 561 F.2d 1154, 1159 (5th Cir.1977), there is no Rule 11(f) violation where the evidence providing a factual basis for the plea is part of the record. See McCarthy v. United States, 394 U.S. 459, 469-70 (1969).
 
 
 7
 The court also acted within its discretion in declining to hold an evidentiary hearing on Crocker's ineffective assistance claim. All Crocker presented in his written motions were conclusions: two witnesses not interviewed by counsel would have testified that he was innocent, and counsel, had he investigated, would have discovered that Crocker was not at the scene of the offense. Crocker did not provide any details of the two witnesses' expected testimony; nor did he say where he had been or why he had not simply told his former counsel that he was not at the scene. The district court was not required to grant a hearing based on these conclusory allegations. United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.1992); United States v. Fountain, 777 F.2d 351, 358 (7th Cir.1985), cert. denied, 475 U.S. 1029 (1986). Cf. United States v. Pollard, 959 F.2d 1011, 1031 (D.C.Cir.), cert. denied, 506 U.S. 915 (1992).
 
 
 8
 Crocker also contends that the district court erred in imposing consecutive sentences on the federal offenses. The court properly grouped the two counts and enhanced the offense level of the felon-in-possession count because the gun had an obliterated serial number. U.S.S.G. § 2K21. (b)(4) (1994). The court then chose a sentence of 135 months, which was within the guideline range for someone with Crocker's history who engaged in the conduct underlying this prosecution. How it was apportioned between the two charges is of no practical moment and has nothing to do with the concept of double counting. Thus, there was no reversible error in the district court's decision to impose consecutive sentences of 60 months on the § 922(g) charge and 75 months on the § 922(k) charge, rather than some other combination of consecutive or concurrent sentences.
 
 
 9
 Finally, Crocker contends that the district court erred in not specifying that his federal sentence should run concurrently to any Maryland sentence for violating his probation pursuant to subsection (b) or (c) of guideline 5G1.3. However, these two subsections can apply only if subsection (a) does not, United States v. Murphy, 69 F.3d 237, 245 (8th Cir.1995), and if Crocker's status in Maryland was an "undischarged term of imprisonment" under subsection (b) or (c), then Crocker was "serving a term of imprisonment" under subsection (a) when he committed the federal offenses. Therefore, there is no way subsection (b) or (c) could apply in this case, and Crocker was sentenced correctly.
 
 
 10
 Accordingly, we affirm the judgment of the district court.