Clarence HARDY, Petitioner, Appellant,

v.

**UNITED STATES of America, Respondent, Appellee.**

No. 81–1829.

United States Court of Appeals, First Circuit.

Submitted June 11, 1982.

Decided Sept. 29, 1982.

Clarence Hardy, pro se.

William F. Weld, U. S. Atty., and John W. Laymon, Asst. U. S. Atty., Boston, Mass., on brief, for respondent, appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

This appeal is brought from a denial of a petition to vacate sentence and conviction under 28 U.S.C. § 2255.

Appellant was convicted in 1972 on various charges related to distribution of heroin. He was sentenced to two consecutive twenty-year terms. First offenders under the applicable statute (21 U.S.C. § 841) face a maximum term of fifteen years on each count. The sentence here derived from the existence of a prior offense.

Four errors are alleged.

 The first involves an alleged reliance on erroneous information at sentencing. Appellant alleges that his pre-sentence report erroneously described him as a major figure in narcotics traffic; that he had no opportunity to review that report; and that the district court relied on that information in sentencing him.

Whether the information was accurate or not, it is clear that appellant's counsel had a copy of the report prior to sentencing (Ex. A, p. 2) and thus appellant had an opportunity to review it. In addition, he was given an opportunity at sentencing to make a statement on his own behalf and his counsel spoke at length. Neither he nor his counsel challenged the contents of the report. Moreover, at that hearing the district court specifically noted that it had taken into

account a prior narcotics conviction and that "there is nothing else that the court indicates that is adverse in this presentence investigation ..." (Ex. A, p. 4). In its opinion on this petition the district court again asserted that it did not consider the challenged allegation in sentencing. Since the information was not disputed at sentencing, and was not relied upon in sentencing, we reject this contention.[1]

■ Second, appellant alleges that his sentence as a repeat offender was illegal since the government had not filed a pretrial information alleging a prior conviction. *See* 21 U.S.C. § 851(a).

At sentencing, appellant's counsel admitted that the conviction had taken place and that he had represented appellant at the time. Appellant does not suggest that the conviction did not take place or that it was invalid. Rather he argues that the district court was without jurisdiction to treat him as a second offender because the United States had not requested such treatment under 21 U.S.C. § 851(a).[2]

His position is strongly supported by *United States v. Noland,* 495 F.2d 529 (5th Cir. 1974). In that case the information was filed one day late and the court remanded for resentencing. *See also United States v. Gill,* 623 F.2d 540, 542 (8th Cir. 1980) (dicta).

Strict compliance with some provisions of the statute may sometimes be dispensed with. *See United States v. Harris,* 592 F.2d 1058 (9th Cir. 1979) (dealing with 26 U.S.C. § 7237(c)(2) the predecessor statute to 21 U.S.C. § 851(b)). This is especially true where the provision deals with the mechanics of applying the enhanced statute. But here the problem is more fundamental. The relevant provision states that "no person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions unless before trial ... the United States attorney files an information with the court ..." 21 U.S.C. § 851(a)(1).

Thus the problem here involves not *how* enhancement is to take place but *if* it is to take place at all. The government is free to seek enhancement or not. If it chooses not to do so, as apparently happened here, the court is without authority to enhance on its own motion. As the Fifth Circuit found in *Noland, supra,* at 533 "the statute prohibits an enhanced sentence unless the Government seeks it...."

The government contends that since this is a collateral attack on a sentence, the rule in *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982) applies and that appellant must show both cause for failing to raise the error earlier and prejudice resulting from the error.

While it is not clear that *Frady* applies where a court acts without authority, as opposed to erring within the range of its authority, the existence of prejudice is clear. Treated as a first offender appellant faced a maximum of thirty years imprisonment. 21 U.S.C. § 841(b)(1)(A). Treated as a second offender he was sentenced to forty years.

Cause for failing to present the issue earlier is less clear but we think that in the context of this case sufficient cause exists. First, the district court did not mention the specific basis for enhancement nor was appellant given the opportunity to challenge second offender status required by statute under 21 U.S.C. § 851(b). Given that even

---

1. If it develops on remand, *see* page 41, *infra,* that the government failed to file a second offender information, re-sentencing will be required. During this re-sentencing, Hardy and his counsel will have an opportunity to challenge the contents of the pre-sentence report and make any relevant mitigating statements.

2. The government seems to suggest that the enhanced sentence resulted from a finding that because of his prior conviction appellant was a dangerous special drug offender. *See* 21 U.S.C. § 849. But appellant would not appear to be a repeat offender under that provision. *See* 21 U.S.C. § 849(e)(1). Nor would it seem that the hearing required by 21 U.S.C. § 849(b) was held here. We assume therefore that the twenty-year sentences in this case were the result of a second offense finding under 21 U.S.C. § 841(b)(1)(A).

the government seems confused as to the basis for sentencing, we can hardly fault appellant for not raising the issue earlier. Second, as noted above, the court was without *authority* to impose the sentence unless the statutory requirements were met. In such a situation we think a lesser showing of cause is appropriate. Third, the remanding of this case will only require a simple resentencing. None of the evils of a long-delayed retrial such as deaths of witnesses or lapses in memory are present in such a case. Again, we think the context renders a lesser showing of cause appropriate.

No reference to an information is found anywhere in this record but the government never explicitly concedes that none was filed. Since the record is not crystal clear that the government never filed the required information, we will remand for factual finding on that issue instead of for automatic resentencing. If the district court finds or the government clearly concedes that no timely information was filed, then resentencing will be in order.

■ Appellant raises two other issues which require little discussion. First he asserts that a jury instruction about intent was in error because it allowed the jurors to infer that appellant intended the "natural and probable consequences" of his acts. He argues that the instruction runs afoul of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) by unconstitutionally shifting the burden of proof. But the instruction disapproved in that case stated that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The Court found that a reasonable juror could have regarded this as a mandatory presumption.

Here the jury was told that "it is ordinarily reasonable to infer that a person intends the natural and probable consequences of acts." No presumption is created. Indeed the jury was also told that they *"may* infer the defendant's intent from all of the surrounding circumstances." (emphasis supplied). Thus the instruction does no more than pose a permissive inference. *See Sandstrom v. Montana, supra,* 442 U.S. at

519–20 n.9 and 527–8, 99 S.Ct. at 2456–2457 n.9 and 2460–2461 (Rehnquist, J., concurring).

No reasonable juror could have regarded the instruction as creating a mandatory presumption, especially when viewed in the context of the general burden of proof instruction. The argument is without merit.

■ Finally appellant argues that he should have had an evidentiary hearing on the erroneous pre-sentence report information issue. This argument is also meritless. The transcript of the sentencing and the district court's statement in its opinion show conclusively that the allegedly erroneous information was not considered at sentencing. An evidentiary hearing would serve no purpose.

*The sentence of the district court is vacated and the case remanded for further proceedings consistent with this opinion.*