UNITED STATES of America, Appellee,

v.

Jose DE LOS SANTOS–HIMITOLA, Walber Meza–Navarro, Pedro Guerrero–Grueso, and Alfonso Gonzalez, Defendants, Appellants.

No. 90–1434.

United States Court of Appeals,
First Circuit.

Heard Nov. 8, 1990.
Decided Jan. 28, 1991.

Nydia Maria Diaz–Buxo, by Appointment of the Court, Caguas, P.R., for defendants, appellants.

Luis A. Plaza, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., was on briefs for the U.S.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Defendants Jose De Los Santos Himitola, Walber Meza Navarro, Pedro Guerrero Grueso, and Alfonso Gonzalez ("De Los Santos, et al.") appeal from a *sua sponte* order by the district judge declaring them parole ineligible. The three issues now before us are as follows: first, whether the no-parole provisions of the 1986 amendments to 21 U.S.C. §§ 960 & 962 were effective immediately upon the amendments' enactment on October 27, 1986, or were delayed until November 1, 1987 and, as a result, whether the court is now correct that defendants are ineligible for parole; second, whether the sentencing judge was empowered *sua sponte* to rectify his earlier order illegally finding defendants

were parole eligible; and third, whether defendants were entitled to be present when the judge issued his final construction of the sentence.

### Background

On February 25 and March 3, 1988, the defendants were each sentenced in the District Court for the District of Puerto Rico to terms of imprisonment and years of supervised release.[1] Each defendant was personally present when so sentenced, and, when sentencing defendant Meza Navarro, the court specifically noted that the ten year sentence it imposed "is actual time—no probation, no parole, no nothing—he has to serve."

On September 6, 1989, responding to a 28 U.S.C. § 2255 *habeas* motion by defendants in which *inter alia* they protested the absence of parole eligibility, the sentencing judge issued an opinion and order in which he ruled that the no-parole provisions of the Anti–Drug Abuse Act of 1986 did not apply to offenses committed prior to November 1, 1987. The court, therefore, opined that defendants, whose offenses were committed on September 24, 1987, were eligible for parole before completion of their terms of imprisonment, and directed the substitution of five years of special parole for the five years of supervised release originally provided. Amended criminal judgments were issued which substituted special parole for supervised release and provided for the same prison terms as were originally given.

Thereafter, the court received a petition from some of the defendants indicating that, notwithstanding the September 6 opinion and order, their right to parole

eligibility was still not being observed and requesting the court's assistance. This petition, and another sentencing case before the judge, caused him to reconsider the correctness of his prior ruling. On April 17, 1990, the judge entered the current order noting that he had misinterpreted the law in his September 6, 1989 opinion and order. Acting *sua sponte*, the judge modified the previous ruling pursuant to his power to correct an illegal sentence, Fed.R. Crim.P. 35(a), so as to "clarify that the above-named defendants are *not* eligible for parole and that any prior indication to the contrary is to be without effect." This appeal followed.

### I. Application of No–Parole Provisions

 We have recently considered whether defendants like these are subject to the no-parole provisions of the Anti-drug Abuse Act of 1986. *United States v. Rafael Garay*, 921 F.2d 330 (1st Cir.1990). Following *Garay*, and for reasons spelled out at length there, we hold that the sentencing judge rightly determined in his order of April 17, 1990 that these defendants are subject to the no-parole provisions of the Act. The judge was thus correct in determining that his contrary opinion and order of September 6, 1989 was erroneous.

 We add, for clarification, that for the reasons thoroughly discussed in *United States v. Ferryman*, 897 F.2d 584 (1st Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990), the judge was correct on September 6, 1989 in substituting five years of special parole for the five years of supervised release provided in the original sentences.[2] Thus the judge rightly

---

**1.** Defendants Walber Meza Navarro and Jose De Los Santos Himitola were sentenced to ten (10) years imprisonment and five (5) years supervised release. Defendants Pedro Guerrero Grueso and Alfonso Gonzalez were sentenced to thirty (30) years imprisonment and five (5) years supervised release. Defendants had been found guilty, after a jury trial, of intent to distribute 5,818 kilograms of marihuana in violation of 18 U.S.C. § 2 and 46 U.S.C.App. §§ 1903(a), 1903(c)(1)(C), 1903(f). Their convictions were affirmed by this court on appeal. *United States v. Corpus, et al.*, 882 F.2d 546 (1st Cir.1989).

**2.** The Supreme Court has granted certiorari on the question whether the mandatory minimum terms of supervised release required by the Anti–Drug Abuse Act of 1986 became effective for offenses committed on or after the date of enactment, October 27, 1986. *Gozlon–Peretz v. United States*, —— U.S. ——, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990). Consequently, our decision here is without prejudice to any appellant's filing a new § 2255 petition in the district court after the Supreme Court decides *Gozlon–Peretz* seeking any benefit of that decision should it be favorable to appellant.

left that alteration in place when he struck the parole eligibility order. No appeal concerning this issue is now before us.

## II. Sua sponte Amendment to the Sentence

■ In undertaking to correct the erroneous statement allowing parole eligibility made in the opinion and order of September 6, 1989, the sentencing judge invoked the powers granted to him by Fed.R.Crim.P. 35(a). Appellants argue that the judge lacked the authority to take this corrective step. However, the version of Fed.R. Crim.P. 35(a) that was applicable to those sentences gave the judge the necessary authority.[3] This version, since superseded, applies to offenses committed prior to November 1, 1987. The criminal activities imputed to these defendants occurred on September 24, 1987. Thus, as the judge was empowered "at any time" to correct illegalities in sentences for offenses committed during that period, he was entitled to correct the mistake made by the statement in his September 6, 1989, opinion and order directing that defendants be eligible for parole.

## III. Defendant's Absence at Resentencing

■ More difficult is the question whether the defendants had a right to be present when, on April 17, 1990, the sentencing judge corrected his illegal September 6, 1989 advice granting parole eligibility. Under Fed.R.Crim.P. 43(a), "The defendant shall be present ... at the imposition of sentence, except as otherwise provided by this rule." Rule 43(c) provides: "A defendant need not be present in the following situations: ... (3) At reduction of sentence under Rule 35."

Where the sentencing court forgot to include a mandated special parole term, this court has ruled that the defendant had the right to be physically present in court when the omitted parole term was later added to the sentence. *Thompson v. United States*, 495 F.2d 1304 (1976). We held it to be immaterial that the judge had known at the original sentencing that special parole was required, hence would be unlikely to reduce the term of confinement at the resentencing. 495 F.2d at 1307. We rested in *Thompson* on the "elementary" right of a defendant to be afforded an opportunity to make a statement to the judge on his own behalf. *United States v. Behrens*, 375 U.S. 162, 167–168, 84 S.Ct. 295, 297–298, 11 L.Ed.2d 224 (Harlan, J., concurring) (1963).

Other circuits have similarly recognized the defendant's right to be present even in circumstances where, as here, the resentencing merely amends a non-complying sentence so that it will conform to law. *See, e.g., United States v. Cook*, 890 F.2d 672 (4th Cir.1989) (district court erred when it corrected a sentence to comply with the law in the absence of defendant after misinterpreting a sentencing statute); *Hazelwood v. Arnold*, 539 F.2d 1031 (4th Cir. 1976) (per curiam) (defendant's sentence vacated and case remanded to the district court in part because defendant was not present when the three year *mandatory* special parole term, which amended his previous sentence, was imposed); *Mayfield v. United States*, 504 F.2d 888 (10th Cir.1974) (per curiam) (defendant required to be present when resentencing to impose a statutorily required two-year special parole term).

At first glance, it may seem from the above that these defendants should have been present when, on April 17, 1990, the court retracted its earlier incorrect pronouncement granting parole eligibility. We do not believe this is so, however, in these unique circumstances. Here, the corrective order issued on April 17, 1990 merely had the effect of cancelling a mistaken earlier correction, thus leaving the original sentences to stand unchanged in respect to the absence of parole eligibility. The original sentences, imposed when each defendant was present, had provided for specific terms of imprisonment and supervised release. Not only were the original sen-

---

**3.** The version of Fed.R.Crim.P. 35(a), now superseded, that applies to these sentences reads: Correction of sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

tences silent as to parole, the court clearly believed and intended that the defendants would not be eligible for parole. This is reflected in the transcript of the sentencing hearing which includes a colloquy in which the judge told one of the defendants that he would *not* be eligible for parole during the ten year sentence imposed upon him. Defendants clearly understood this. It was, indeed, their protest against the unavailability of parole that led the judge in the fall of 1989, to review the sentences and—upon mistakenly construing the law as providing that the "no-parole" provisions of the Anti–Drug Abuse Act of 1986 did not take effect until November 1, 1987 —to state in his opinion and order of September 6, 1989, that defendants were parole eligible. The opinion and order, too, confirms that the judge realized his original sentences did not provide for parole, since he reiterates without comment defendants' claim that the original sentences were incorrect for that reason, and purports to correct the supposed error. On April 17, 1990, recognizing that his statement as to parole eligibility in the September 6, 1989 opinion and order was incorrect, the court determined that defendants were not eligible for parole. This assertion took matters full circle, restoring the sentences, in respect to parole eligibility, to their original state. It can be inferred from the record that from September 6, 1989, when the mistake was made, until its correction on April 17, 1990, the Bureau of Prisons refused to recognize that defendants were parole-eligible and did not comply in any way with the court's contrary direction. The effect of the April 17, 1990 order was thus to eliminate from the books a mistaken ruling that, as a practical matter, had had no effect, leaving parole eligibility exactly the same as it was when defendants were first sentenced.

Given this history—and the fact that parole eligibility was at all times, *de facto* if not *de jure*, the same as it was when originally imposed—we see no point in another sentencing hearing. When sentenced, defendants were accorded their right to be present and to make known their views to the judge on exactly the *same* sentences (i.e. sentences without eligibility for parole) as are now reconfirmed. As defendants have already had an opportunity to be present and speak during the original sentencing hearing, it would be purely formalistic to direct that defendants be brought back to Puerto Rico from the prisons in the mainland United States where they are now located, simply to hear what they already heard when originally sentenced and to repeat what earlier they could have said. To be sure, the appealed order was not a "reduction" in sentence— the only sentencing imposition which Rule 43 specifically exempts from the presence requirement. However, the order was not a sentence increase either, as it did no more than eliminate an earlier purported amelioration of sentence which both exceeded the judge's authority and never took practical effect, leaving the original sentence unchanged as to that element. We do not think that Fed.R.Crim.P. 43 commands an empty ritual.[4]

*Affirmed.*

---

**4.** It appears also that the two ten year sentences were the minimum allowed by law. 21 U.S.C. § 960(b)(1). If so, the court would be unable to grant further relief now to defendants Walber Meza Navarro and Jose De Los Santos Himitola even if it wished to do so.