959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose Corpus HOOKER, Petitioner, Appellant,
v.
UNITED STATES OF AMERICA, Respondent, Appellee.
 No. 91-1863.
 United States Court of Appeals,
First Circuit.
 April 1, 1992
 
 Jose Corpus Hooker on brief pro se.
 Daniel F. Lopez-Romo, United States Attorney, and Luis A. Plaza, Assistant United States Attorney, on brief for appellee.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 The petitioner filed a motion, pursuant to 28 U.S.C. § 2255, in the district court, alleging that that court had unlawfully sentenced him as a second offender. The district court dismissed that motion and petitioner has appealed. We affirm.
 
 
 2
 The petitioner was convicted, after a jury trial, of aiding and abetting the possession of approximately 12,800 pounds of marijuana, with an intent to distribute it, in violation of 18 U.S.C. § 2 and 46 U.S.C. App. § 1903(a). He was sentenced to a 30 year term of imprisonment and a 10 year term of supervised release. His conviction was affirmed on direct appeal. United States v. Corpus, 882 F.2d 546 (1st Cir. 1989), cert. denied, 110 S. Ct. 3251 (1990).
 
 
 3
 In January 1991, he filed the § 2255 motion at issue in the present appeal. His complaint concerned the sentencing provisions of 21 U.S.C. §§ 851 and 962.[1] Section 962 provides in pertinent part:
 
 
 4
 (a) Any person convicted of any offense under this subchapter is, if the offense is a second or subsequent offense, punishable by a term of imprisonment, twice that otherwise authorized, by twice the fine otherwise authorized, or by both. If the conviction is for an offense punishable under section 960(b) of this title, and if it is the offender's second or subsequent offense, the court shall impose, in addition to any term of imprisonment and fine, twice the term of supervised release otherwise authorized.
 
 
 5
 ...
 
 
 6
 (c) Section 851 of this title shall apply with respect to any proceeding to sentence a person under this section.
 
 
 7
 The petitioner's offense was punishable under § 960(b)(1)(G), as it involved 1000 kilograms or more of marijuana. Had this conviction been the petitioner's first offense, the applicable sentencing range would have been not less than 10 years and not more than life, plus a term of supervised release of at least 5 years. The petitioner concedes, as he conceded below, that he had a prior conviction in the District Court for the Southern District of Florida for possession with intent to distribute marijuana. Because his District Court of Puerto Rico conviction was a second conviction, his offense was punishable by a term of imprisonment twice that otherwise authorized (i.e., a statutory minimum term of 20 years) and twice the term of supervised release otherwise authorized (i.e., a statutory minimum term of 10 years supervised release).
 
 
 8
 As noted, the petitioner does not contest the fact that he was a second offender. His contention centers on the procedure set out by 21 U.S.C. § 851 to establish a prior conviction. Section 851 provides in pertinent part:
 
 
 9
 (a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.
 
 
 10
 The petitioner contends that this requirement of a pretrial filing of an information and service on him or his counsel is to be strictly complied with and that it was not complied with in his case.
 
 
 11
 We agree that "[t]he government is free to seek enhancement [pursuant to § 851(a)(1) ] or not. If it chooses not to do so, ... the court is without authority to enhance on its own motion." Hardy v. United States, 691 F.2d 39, 41 (1st Cir. 1982). Hardy is of no aid to the petitioner, however, because we conclude, as did the district court, that the government, in fact, did file and serve the required information prior to trial. The information charging the prior offense was filed and served on December 11, 1987, three days before trial commenced on December 14th. District Court Document # 52.[2] Furthermore, petitioner filed no response to this information and, at sentencing, conceded his prior drug conviction and sought "the minimum penalty, which of course is no less than 20 years."
 
 
 12
 We, therefore, affirm the judgment of the district court, dated May 31, 1991, dismissing the § 2255 motion. We also remand to correct a sentencing error, which has become evident in light of recent caselaw. As noted, the petitioner was originally sentenced in 1988 to 30 years imprisonment and a 10 year term of supervised release. This 10 year term of supervised release was the mandatory minimum, pursuant to § 962, which requires doubling the otherwise applicable mandatory minimum term of 5 years of supervised release. In 1989, some of petitioner's co-defendants sought to vacate or amend their sentences, arguing that supervised release was inapplicable to their offense, which, they argued, was committed before the November 1, 1987 effective date of the supervised release provisions of the Sentencing Reform Act of 1984. The district court agreed with their argument and vacated the terms of supervised release, each of which, unlike petitioner's, had been a 5 year term, and replaced each with a 5 year term of special parole. Although the petitioner had not joined the motion filed by his co-defendants, see docket # § 122 and 123, and although the caption of the district court's order addressing their motion did not contain the petitioner's name, see docket # 134A, an amended judgment, nonetheless, was entered with respect to the petitioner as well, docket # 146. This amended judgment, filed on December 29, 1989, retained the 30 year term of imprisonment, but replaced the 10 year term of supervised release with a 5 year term of special parole.
 
 
 13
 Recent caselaw tells us that supervised release, as originally imposed by the district court in 1988, is the authorized form of postconfinement monitoring for the petitioner. Gozlon-Peretz v. United States, 111 S. Ct. 840 (1991); Padilla Palacios v. United States, 932 F.2d 31, 33-34 (1st Cir. 1991) (applying the rationale of Gozlon-Peretz to the parallel provisions in 21 U.S.C. § 960). We, therefore, direct the district court to reinstate the sentence of supervised release. Moreover, as § 962 requires the doubling of the otherwise applicable minimum 5 year term of supervised release, the 10 year term of supervised release, as originally imposed, shall be reinstated. Because the district court is merely cancelling a mistaken "correction" from supervised release to special parole and reinstating the sentence as originally imposed in 1988, the district court may do so, even in the defendant's absence. See United States v. De Los Santos-Himitola, 924 F.2d 380, 382-83 (1st Cir. 1991).
 
 
 14
 Affirmed and remanded with directions to issue a corrected sentencing order in conformity with this opinion.
 
 
 
 [1]
 The penalty provision of 46 U.S.C. App. § 1903(g)(2) provides that a person convicted of an offense under § 1903 shall be punished in accordance with the penalties set forth in 21 U.S.C. § 960, and, if the offense is a second or subsequent offense, in accordance with 21 U.S.C. § 962
 
 
 [2]
 The petitioner's argument appears to stem from his confusion of Document # 52 with Document # 51. This latter document was a notice of intention to present evidence of petitioner's prior conviction under Fed. R. Evid. 404(b). Apparently, this notice was served not on petitioner's counsel, but on some other attorney. That Document # 51 may never have been served on petitioner's counsel is irrelevant to the issueregarding the filing and serving of Document # 52. (And, in any event, this 404(b) evidence was never admitted at trial. See United States v. Corpus, 882 F.2d at 553.) The fact is that the information which precipitates enhanced sentencing pursuant to § 851 was filed and served timely