961 F.2d 1565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Guillermo Zuluaga ARISTIZABAL, Petitioner, Appellant,
v.
UNITED STATES OF AMERICA, Respondent, Appellee.
 No. 91-1852.
 United States Court of Appeals,
First Circuit.
 May 7, 1992
 
 Appeal from the United States District Court for the District of Puerto Rico
 Guillermo Zuluaga Aristizabal on brief pro se.
 Daniel F. Lopez-Romo, United States Attorney, and Luis A. Plaza, Assistant United States Attorney, on brief, for appellee.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 The appellant sought an injunction ordering the Parole Commission and the Bureau of Prisons to compute his sentence as allowing parole eligibility. The district court correctly concluded that appellant is not eligible for parole. United States v. De Los Santos-Himitola, 924 F.2d 380, 381 (1st Cir. 1991) (holding that the no-parole provisions of the Anti-Drug Abuse Act of 1986 became effective on October 27, 1986); Padilla Palacios v. United States, 932 F.2d 31, 33-34 (1st Cir. 1991) (applying the rationale of Gozlon-Peretz v. United States, 111 S. Ct. 840 (1991), to the parallel provisions in 21 U.S.C. § 960).
 
 
 2
 On appeal, appellant raises issues different from that which he presented to the district court in his request for an injunction. We do not review claims not raised below. See, e.g., Johnston v. Holiday Inns, Inc., 595 F.2d 890, 894 (1st Cir. 1979). And, these claims are not " 'so compelling as virtually to insure appellant's success' " nor does it appear that " 'a gross miscarriage of justice would occur' " unless we review them. Id. (citations omitted). Moreover, we note that the claims that appellant now makes on appeal are similar, if not identical, to claims raised in an earlier postconviction motion, the appeal from which we dismissed for lack of prosecution in 1990.
 
 
 3
 Affirmed.