USCA1 Opinion

 

 March 9, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2175 UNITED STATES, Appellee, v. SIGIFREDO GONZALEZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Sigifredo Gonzalez on brief pro se. __________________ Lincoln C. Almond, United States Attorney, Margaret E. Curran and _________________ ___________________ Kenneth P. Madden, Assistant United States Attorneys, on brief for __________________ appellee. ____________________ ____________________ Per Curiam. Contrary to appellant's contention, the ___________ increased maximum penalties and the supervised release provisions of the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207 (ADAA) became effective on the date of the ADAA's enactment, i.e., October 27, 1986. Gozlon-Peretz _____________ v. United States, 498 U.S. 395 (1991). The no-parole ______________ provisions of the ADAA became effective on that date, as well. United States v. De Los Santos-Himitola, 924 F.2d 380, _____________ ______________________ 381 (1st Cir. 1991). And, although Gozlon-Peretz involved 21 _____________ U.S.C. 841 (controlled substances), we have held that its rationale applies equally to the parallel provisions in 21 U.S.C. 960. Padilla Palacios v. United States, 932 F.2d _________________ ______________ 31, 33-34 (1st Cir. 1991). The appellant committed violations of both 21 U.S.C. 841 and 21 U.S.C. 960 in April 1987. His sentences of 25 years of imprisonment on each of the four counts, to be served concurrently, and his sentences of 20 years of supervised release on the two substantive counts, to be served concurrently, are lawful and his arguments to the contrary are foreclosed by the above- cited precedent. Appellant appears also to argue that amendments to the penalty provisions of 21 U.S.C. 846 and 963 (the coordinate conspiracy provisions), enacted on November 18, 1988, were unlawfully applied to him. Even if intended as a separate argument, however, we have rejected it in a prior post-conviction appeal brought by appellant. United States _____________ v. Sigifredo Gonzalez, No. 90-1088, slip op. at 3-6 (1st Cir. __________________ Sept. 11, 1990). The order of the district court denying this post- conviction motion is affirmed. Affirmed. _________ -3-