April 13, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2278

 ALVARO RAFAEL MARQUEZ-BOLANO,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

Alvaro Rafael Marquez-Bolano on brief pro se.
 
Daniel F. Lopez Romo, United States Attorney, Ivan Dominquez,
 
Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior
 
Litigation Counsel, on brief for appellee.

 

 

 Per Curiam. Contrary to appellant's contention, the
 

supervised release provision of the Anti-Drug Abuse Act of

1986 (ADAA), Pub. L. No. 99-570, 100 Stat. 3207, became

effective on the date of the ADAA's enactment, i.e., October

27, 1986. Gozlon-Peretz v. United States, 498 U.S. 395
 

(1991). The no-parole provisions of the ADAA became

effective on that date, as well. United States v. De Los
 

Santos-Himitola, 924 F.2d 380, 381 (1st Cir. 1991). And,
 

although Gozlon-Peretz involved 21 U.S.C. 841 (controlled
 

substances), we have held that its rationale applies equally

to the parallel provisions in 21 U.S.C. 960 (controlled

substance on board vessel subject to jurisdiction of United

States). Padilla Palacios v. United States, 932 F.2d 31, 33-
 

34 (1st Cir. 1991). The appellant is not eligible for parole

and his sentence, which included a 5 year term of supervised

release, was lawful.

 The judgment of the district court, dated September 23,

1992, and the amended judgment, dated October 1, 1992, are

affirmed.