USCA1 Opinion

 

 April 13, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2278 ALVARO RAFAEL MARQUEZ-BOLANO, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Alvaro Rafael Marquez-Bolano on brief pro se. ____________________________ Daniel F. Lopez Romo, United States Attorney, Ivan Dominquez, ______________________ _______________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. Contrary to appellant's contention, the ___________ supervised release provision of the Anti-Drug Abuse Act of 1986 (ADAA), Pub. L. No. 99-570, 100 Stat. 3207, became effective on the date of the ADAA's enactment, i.e., October 27, 1986. Gozlon-Peretz v. United States, 498 U.S. 395 _____________ _____________ (1991). The no-parole provisions of the ADAA became effective on that date, as well. United States v. De Los _____________ ______ Santos-Himitola, 924 F.2d 380, 381 (1st Cir. 1991). And, _______________ although Gozlon-Peretz involved 21 U.S.C. 841 (controlled _____________ substances), we have held that its rationale applies equally to the parallel provisions in 21 U.S.C. 960 (controlled substance on board vessel subject to jurisdiction of United States). Padilla Palacios v. United States, 932 F.2d 31, 33- ________________ _____________ 34 (1st Cir. 1991). The appellant is not eligible for parole and his sentence, which included a 5 year term of supervised release, was lawful. The judgment of the district court, dated September 23, 1992, and the amended judgment, dated October 1, 1992, are affirmed. _________