991 F.2d 786
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alvaro Rafael MARQUEZ-BOLANO, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 92-2278.
 United States Court of Appeals,
First Circuit.
 April 13, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Alvaro Rafael Marquez-Bolano on brief pro se.
 Daniel F. Lopez Romo, United States Attorney, Ivan Dominquez, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Contrary to appellant's contention, the supervised release provision of the Anti-Drug Abuse Act of 1986 (ADAA), Pub. L. No. 99-570, 100 Stat. 3207, became effective on the date of the ADAA's enactment, i.e., October 27, 1986. Gozlon-Peretz v. United States, 498 U.S. 395 (1991). The no-parole provisions of the ADAA became effective on that date, as well. United States v. De Los Santos-Himitola, 924 F.2d 380, 381 (1st Cir. 1991). And, although Gozlon-Peretz involved 21 U.S.C. § 841 (controlled substances), we have held that its rationale applies equally to the parallel provisions in 21 U.S.C. § 960 (controlled substance on board vessel subject to jurisdiction of United States). Padilla Palacios v. United States, 932 F.2d 31, 33-34 (1st Cir. 1991). The appellant is not eligible for parole and his sentence, which included a 5 year term of supervised release, was lawful.
 
 
 2
 The judgment of the district court, dated September 23, 1992, and the amended judgment, dated October 1, 1992, are affirmed.