8 F.3d 809
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Wilfredo GONGORA a/k/a Pedro Guerrero, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 91-2136.
 United States Court of Appeals,
First Circuit.
 July 13, 1993.
 
 Appeal from the United States District Court for the District of Puerto Rico
 Wilfredo Gongora on brief pro se.
 Daniel F. Lopez-Romo, United States Attorney, and Luis A. Plaza, Assistant United States Attorney, on brief for appellee.
 D. Puerto Rico
 AFFIRMED
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Wilfredo Gongora appeals from a judgment dismissing his motion to vacate his sentence under 28 U.S.C. § 2255. He claims that his sentence was illegally enhanced in violation of 21 U.S.C. § 851.[1] Finding no illegal enhancement, we affirm.
 
 I.
 
 2
 On September 24, 1987, Gongora and eight others were arrested on the high seas aboard the COLOSO II, a Panamanian tugboat. The Coast Guard made the arrest after observing numerous bales of marijuana being thrown from the tugboat. Gongora and the captain and other crew members of the COLOSO II were charged with violating 46 U.S.C. App. § 1903(a) and 18 U.S.C. § 2 (aiding and abetting the unlawful possession of 5818 kilograms of marijuana, with the intent to distribute same, on board a vessel subject to the jurisdiction of the United States). A jury convicted Gongora and his codefendants on December 16, 1987.
 
 
 3
 The statute the defendants were convicted under incorporates the penalty provisions of 21 U.S.C. § 960 for first offenders and the penalty provisions of 21 U.S.C. § 962 for second offenders.[2] Under 21 U.S.C. § 960, first offenders are subject to a mandatory minimum penalty of ten years' imprisonment and five years of supervised release, and a maximum term of life imprisonment. A person convicted of a second or subsequent offense "is punishable by a term of imprisonment twice that otherwise authorized" and "twice the term of supervised release otherwise authorized." 21 U.S.C. § 962(a). Thus, repeat offenders of 46 U.S.C. App. § 1903 are subject to a mandatory minimum sentence of twenty years' imprisonment and ten years of supervised release. However, to subject a repeat offender to that mandatory minimum, the government must first file an information notifying the offender of the prior convictions it intends to rely upon in seeking an enhanced sentence under 21 U.S.C. § 851. See 21 U.S.C. § 962(c)("Section 851 of this title shall apply with respect to any proceeding to sentence a person under this section.") See also United States v. Craveiro, 907 F.2d 260, 262 & n. 4 (1st Cir.), cert. denied, 498 U.S. 1015 (1990)(noting that double penalties for second or subsequent conviction under 21 U.S.C. § 962 required proof of recidivism under procedures set forth in 21 U.S.C. § 851(a)(1)).
 
 
 4
 The case was called for sentencing on February 25, 1988. Six of the crew members had no prior criminal records and received sentences of ten years' imprisonment and five years of supervised release, the mandatory minimum for first offenders under 21 U.S.C. § 960(b)(1)(G). Before trial, the prosecutor had filed an information notifying the captain (defendant Corpus) that the government would seek to enhance his sentence pursuant to 21 U.S.C. § 851 on the basis of his prior marijuana smuggling conviction. The trial judge sentenced the captain to a thirty-year prison term and ten years of supervised release. Another crew member (Alfonso Gonzalez) had a prior conviction for marijuana smuggling, but the government had not filed a § 851 information with respect to him. Gonzalez received a thirty-year prison term and five years of supervised release.
 
 
 5
 Similarly, the government also did not file a § 851 information on Gongora, the last to be called for sentencing. Gongora's Presentence Report (PSR) indicated that Gongora was subject to the ten year-to-life range applicable to first offenders under 21 U.S.C. § 960(b)(1)(G). However, the PSR also identified two prior arrests for drug crimes. One of these resulted in a 1983 conviction for violating 21 U.S.C. § 955a, the predecessor to 46 U.S.C. App. § 1903.[3] Gongora initially denied that he was the person with the criminal record described in the PSR. The district court continued Gongora's sentencing so that an evidentiary hearing could be held. Gongora's counsel moved to waive the hearing. On March 3, 1988, Gongora admitted to the 1983 conviction. Nevertheless, the district court proceeded with the hearing and an FBI fingerprint expert established that Gongora indeed had been convicted of the 1983 marijuana smuggling charge under 21 U.S.C. § 955a.
 
 
 6
 The trial court sentenced Gongora to thirty years' imprisonment and five years of supervised release. All convictions were affirmed on direct appeal. See United States v. Corpus, 882 F.2d 546 (1st Cir. 1989). Thereafter, the district court entered two orders affecting Gongora's sentence. On September 6, 1989, it ordered that all the defendants' supervised release terms should be replaced by terms of special parole. Amended judgments issued. On April 17, 1990, the court clarified its previous order by specifying that the defendants were not eligible for parole under the 1986 amendments to 21 U.S.C. §§ 960 and 962. This ruling was affirmed on appeal. See United States v. De Los Santos-Himitola, 924 F.2d 380 (1st Cir. 1991).[4]
 
 
 7
 In 1991, Gongora filed the instant § 2255 motion. Relying on Hardy v. United States, 691 F.2d 39, 41-42 (1st Cir. 1982)(vacating sentence where record suggested government may not have filed § 851 information), Gongora argued that his sentence had been illegally enhanced because the district court had relied on his prior conviction in imposing his thirty-year prison term and the government had failed to file a pretrial enhancement information under 21 U.S.C. § 851. Gongora maintained that the district court lacked jurisdiction to impose the thirty-year sentence and that his sentence should be reduced to the ten year prison term imposed on the first offenders. Gongora filed several documents in support of his § 2255 motion, including the district court's September 6, 1989 order revoking the defendants' supervised release terms. Footnote one of that order stated: "Defendants with prior criminal convictions were sentenced under 21 U.S.C. section 962(a), authorizing sentences twice the length of those otherwise provided." Gongora insists that this notation shows that the district court impermissibly imposed a twenty-year mandatory minimum term on Gongora as a repeat offender under 21 U.S.C. § 962 then added ten years. The government conceded that no § 851 information had been filed on Gongora, but argued that Gongora had been sentenced under 21 U.S.C. § 960(b)(1)(G) and that his sentence had not been unlawfully enhanced since it was within the ten year-to-life range applicable to first offenders under that statute. The government further argued that Gongora's five-year supervised release term showed that the district court did not unlawfully enhance his sentence, as a ten-year term would have been required for a repeat offender. The government maintained that Gongora's sentence was unreviewable under United States v. Tucker, 404 U.S. 443, 447 (1972)("... a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review.") The district court ruled that Gongora had not been sentenced under 21 U.S.C. § 962 but rather had been sentenced to a term within the ten year-to-life range applicable to him under 21 U.S.C. § 960(b)(1)(G). The sentencing judge acknowledged that he had considered the prior conviction in imposing the sentence. However, in view of the fact that Gongora did not contend that Fed. R. Crim. P. 32(c)(governing disclosure of PSR) had been violated, the judge discerned no illegality in the thirty-year sentence and dismissed Gongora's § 2255 motion. This appeal followed.
 
 II.
 
 8
 "Congress enacted section 851(a)(1) and the procedure for filing an information to protect defendants from receiving increased statutory sentences ... resulting from prior, incorrectly charged offenses ... and to give defendants the opportunity to show that they were not the persons convicted." United States v. Wallace, 895 F.2d 487, 489 (8th Cir. 1989) (citations omitted). In Hardy v. United States, 691 F.2d at 41, we observed that a district court lacks jurisdiction to enhance a convicted defendant's sentence on its own motion if the government has not filed an information seeking a sentence enhancement under 21 U.S.C. § 851(a)(1). See also United States v. Belanger, 970 F.2d 416, 418 (7th Cir. 1992)("Failure to file [§ 851] information before trial deprives the district court of jurisdiction to impose an enhanced sentence."); United States v. Williams, 899 F.2d 1526, 1528-29 (6th Cir. 1990); United States v. Olson, 716 F.2d 850, 851-54 (11th Cir. 1983).
 
 
 9
 Nevertheless, this rule is not dispositive of the present case, for it is clear that the district court had jurisdiction to impose Gongora's thirty-year prison sentence as it was within the ten year-to-life range applicable to first offenders. See 21 U.S.C. § 960(b)(1)(G). Section 851 applies only where the government seeks to enhance the mandatory statutory minimum or maximum sentence of a defendant. See, e.g., United States v. French, 974 F.2d 687, 697-98 (6th Cir. 1992), cert. denied, 113 S. Ct. 1431 (1993) (§ 851 applied where defendant's mandatory sentence was enhanced from twenty years to life under recidivist provision of 21 U.S.C. § 841(b)(1)(A)); United States v. Sanchez, 917 F.2d 607, 616 (1st Cir. 1990), cert. denied, 111 S. Ct. 1625 (1991) ("The section 851(a)(1) enhancement notice requirement applies 'to situations in which a convicted defendant's statutory minimum or maximum penalty is enhanced ...' ")(citation omitted); United States v. Wallace, 895 F.2d at 490 (same). The fact that the government did not file a § 851 information on Gongora meant that the district court was not compelled to impose the mandatory minimum sentence of twenty years imprisonment and ten years of supervised release required by 21 U.S.C. § 962. However, the absence of this information did not rob the district court of its discretion to impose such a sentence under the statutory authority vested in it under 21 U.S.C. § 960(b)(1)(G).
 
 
 10
 The absence of a § 851 enhancement information does not preclude a sentencing court from considering a defendant's prior convictions in determining whether the defendant should be treated as a Career Offender under the Sentencing
 
 
 11
 Guidelines. See United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir. 1991)(per curiam); United States v. Sanchez, id.; United States v. Marshall, 910 F.2d 1241, 1444-45 (5th Cir. 1990). While this is a pre-Guidelines case, the rationale of these authorities applies with like force to Gongora's claim. Thus, the district court lawfully considered Gongora's prior conviction in imposing a thirty-year prison term, see Corpus, 882 F.2d at 553, and correctly dismissed the § 2255 motion.
 
 
 12
 Affirmed.
 
 
 
 [1]
 21 U.S.C. § 851(a)(1) provides, in relevant part, that:
 No person who stands convicted of an offense under this part [i.e., 21 U.S.C. § 841 et seq.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon....
 
 
 [2]
 46 U.S.C. App. § 1903(g) provides:
 (1) Any person who commits an offense under this
 section shall be punished in accordance with the
 penalties set forth in section 1010 of the
 Comprehensive Drug Abuse Prevention and Control Act
 of 1970 (21 U.S.C. § 960).
 (2) Notwithstanding paragraph (1) of this
 subsection, any person convicted of an offense under
 this chapter shall be punished in accordance with
 the penalties set forth in section 1012 of the
 Comprehensive Drug Abuse Prevention and Control Act
 of 1970 (21 U.S.C. § 962) if such offense is a second
 or subsequent offense as defined in section 1012(b)
 of that Act.
 
 
 [3]
 The 1983 conviction was for Gongora's participation in an attempt to import 57,265 pounds of marijuana into the United States. The Puerto Rico federal district court (Torruella, J.) sentenced Gongora to three years' imprisonment and three years of special parole
 
 
 [4]
 In De Los Santos-Himitola, 924 F.2d at 381-82 & n. 2, we observed that the district court correctly left the special parole terms in place when it determined that the defendants were not eligible for parole, but that the Supreme Court had granted certiorari review on whether the mandatory minimum supervised release terms required by the Anti-Drug Abuse Act of 1986 applied to offenses committed between October 27, 1986 and November 1, 1987. The Supreme Court answered this question in the affirmative. See Gozlon-Peretz v. United States, 498 U.S. 395, 404-410 (1991). Thus, these defendants' sentences may include an incorrect term of special parole. See Padilla Palacios v. United States, 932 F.2d 31, 32-34 (1st Cir. 1991)(per curiam)(holding supervised release applied to § 2255 petitioner convicted of violating 46 U.S.C. App. § 1903). As the issue has not been raised, we do not consider it