USCA1 Opinion

 

 June 13, 1995 NOT FOR PUBLICATION UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 94-1623 UNITED STATES, Appellee, v. FRANCIS FUENTES, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Schwarzer,* Senior District Judge. _____________________ ____________________ Paul J. Garrity for appellant. _______________ Andrew Levchuk, Assistant United States Attorney, with whom Kevin ______________ _____ O'Regan, Assistant United States Attorney, and Donald K. Stern, United _______ _______________ States Attorney, were on brief for appellee. ____________________ ____________________ _____________________ * Of the Northern District of California, sitting by designation. Per Curiam. Francis Fuentes was convicted of three drug __________ offenses arising from his involvement in a heroin importation and distribution scheme. 21 U.S.C. 841, 846, 963. On appeal, he argues that in four respects the district court erred in its instructions to the jury. We review for plain error only, since Fuentes did not object to the challenged instructions when they were given. United States v. Whiting, _____________ _______ 28 F.3d 1296, 1308 (1st Cir.), cert. denied, 115 S. Ct. 532 _____ ______ (1994). 1. Fuentes first claims that the instructions quoted below, given at different places in the charge, impermissibly reduced the government's burden of proof by equating reasonable doubt with a preponderance of the evidence: If the jury views the evidence in the case as reasonably permitting either of two conclusions, one of innocence, the other of guilt, the jury must of course adopt the conclusion of innocence. Consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence. The first instruction, known as the "two conclusions" instruction, was upheld in United States v. Del Toro Soto, ______________ ______________ 676 F.2d 13, 17-18 (1st Cir. 1982). Read literally, the two- -2- -2- conclusions instruction merely emphasizes that in a close case the jury must acquit; it says nothing about the government's burden of proof. In this case the judge advised the jury separately, and reiterated throughout his charge, that the government had the burden of proving guilt beyond a reasonable doubt. However the two-conclusions instruction might be read out of context, we do not think that a jury repeatedly instructed on the reasonable doubt standard could view the two-conclusions charge as substituting for or modifying the reasonable doubt standard. In United States v. Kahn, 821 F.2d 90, 91 (2d Cir. ______________ ____ 1987), the Second Circuit disapproved of a two-conclusions instruction similar to that in this case; but it also found that the instruction did not constitute reversible error in the context of the full reasonable doubt instruction there given. In another case, the Second Circuit refused to find plain error when, without objection, the trial court gave an arguably more harmful version of the two-conclusions charge. United States v. Marcus, 401 F.2d 563, 567 (2d Cir. 1968), ______________ ______ cert. denied, 393 U.S. 1023 (1969). Since there was no _____ ______ objection to the charge in our case, we see no conflict with the Second Circuit. The second and third instructions criticized on appeal relate to the jury's evaluation of witness testimony and other evidence. As with the two-conclusions instruction, -3- -3- these instructions say nothing about the burden of proof; they merely guide the jury in evaluating and considering the evidence and are perfectly appropriate. United States v. ______________ DeMasi, 40 F.3d 1306, 1317-18 (1st Cir. 1994), cert. denied, ______ _____ ______ 115 S. Ct. 947 (1995); United States v. Ocampo-Guarin, 968 _____________ _____________ F.2d 1406, 1412 (1st Cir. 1992). Fuentes says that though the challenged instructions may not be erroneous per se, they did cause confusion here _______ because the jury was not instructed on the definition of __________ reasonable doubt. But the judge was not required to define reasonable doubt, an effort that often is itself the source of error. United States v. Olmstead, 832 F.2d 642, 645-46 _____________ ________ (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988). Here, _____ ______ the judge explained that the defendant was presumed innocent and that the government must prove every element of the crimes charged beyond a reasonable doubt. The judge then repeated the government's burden over 20 times throughout its charge. The jury did not misunderstand the government's burden of proof. Victor v. Nebraska, 114 S. Ct. 1239, 1243 ______ ________ (1994). 2. Fuentes next claims that the judge erred by using charge language inconsistent with jury nullification. The judge instructed the jury, in essence, that it "must" convict the defendant if the government proved all the elements of the crimes charged; Fuentes says that the proper wording is -4- -4- "should," so that the possibility of jury nullification is left open. Although the government has conceded that the defendant raised and preserved his objection in the district court, the government is mistaken, and we review for plain error.1 We have squarely held that a defendant is not entitled to have the jury told that nullification is a permissible course for the jury to take, United States v. Sepulveda, 15 _____________ _________ F.3d 1161, 1190 (1st Cir. 1993), cert. denied, 114 S. Ct. _____ ______ 2714 (1994), a holding arguably at odds with Fuentes' attempt to encourage the same result soto voce. Even assuming that _________ "should" rather than "must" were a preferable instruction, but see F.J.C. Pattern Instruction 21 (1987) (using "must"), ___ ___ the difference between "should" and "must" in the present context is far too subtle an adjustment to constitute plain error. 3. Fuentes now claims that the judge erroneously left out the "intent to distribute" element when instructing on the charge of possession of heroin with an intent to distribute. 21 U.S.C. 841(a)(1). It is quite true that the district court did say, in what was almost certainly a slip of the tongue, that "if [the defendant] did know [that  ____________________ 1Fuentes' co-defendant asked for an instruction affirmatively advising the jury that it could engage in nullification and Fuentes adopted his co-defendant's request. Neither Fuentes nor his co-defendant asked the court to substitute "must" for "should." -5- -5- he possessed a controlled substance] and he did have possession, then you must find the defendant guilty as charged." In this passage, the intent to distribute element is omitted and, taken literally, the jury is told to convict based on mere knowing possession. But in fact this slip occurred in a discussion of the possession element of the offense that occurred when the court had already painstakingly told the jury that the offense required two elements: knowing possession and an intent to distribute. Further, after finishing the separate discussion of possession, the district court then returned to the "second element," repeated that "the Government [must] prove beyond a reasonable doubt that the defendant intended to distribute the controlled substance," and the court then enlarged at some length on the intent element. The district court would undoubtedly have corrected the slip if it had been asked to do so, and the case is a perfect example of why counsel is obligated to make timely objections to instructions. In all events, reading the instructions as a whole there is virtually no chance that the jury thought that it could convict on this count without finding an intent to distribute. The risk that the conviction was affected by this slip is not only far from what is needed for plain error review, see United States v. Olano, 113 S. Ct. 1770, 1777-79 ___ _____________ _____ (1993), but is virtually nonexistent. -6- -6- 4. As his final argument, Fuentes says that the judge erred when, in connection with the conspiracy charges, the judge instructed the jury that "it is reasonable for you to draw the inference that a person intends the natural and probable consequences of his acts knowingly done or knowingly committed." This, says Fuentes, amounts to the creation of a presumption that at the very least shifts the burden of proof onto the defendant to disprove intent; and he reminds us that presumptions to this effect were condemned by the Supreme Court in Sandstrom v. Montana, 442 U.S. 510 (1979), and _________ _______ Francis v. Franklin, 471 U.S. 307 (1985). No such objection _______ ________ was made at trial. The disputed instruction does not create a presumption, nor does it direct the jury to draw any kind of inference; it merely poses a permissive inference based on common sense. Hardy v. United States, 691 F.2d 39, 42 (1st Cir. 1982). _____ ______________ Although we have expressed doubt about this type of instruction, United States v. DeWolf, 696 F.2d 1, 3-4 (1st ______________ ______ Cir. 1982), it is not governed by Sandstrom or Francis and is _________ _______ certainly not plain error. See Lannon v. Hogan, 719 F.2d ___ ______ _____ 518, 521-22 (1st Cir. 1983), cert. denied, 465 U.S. 1105 _____ ______ (1984). Affirmed. ________ -7- -7-